INTRODUCTION
Randy Bevill appeals the denial without evidentiary hearing of his motion for post-conviction relief in the Circuit Court of Pontotoc County. Bevill's motion alleged, among other complaints, that his guilty pleas to burglary and larceny charges were involuntarily entered, because the circuit court had failed to advise him of the minimum sentences he faced, in violation of Rule 3.03 of the Mississippi Uniform Criminal Rules of Circuit Court Practice and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Finding that the circuit court properly denied Bevill's motion for post-conviction relief as time-barred under Miss. Code Ann. § 99-39-5, we affirm. We write to clarify the requirements of Rule 3.03 and its successor, Uniform Circuit and County Court Rule 8.04. *Page 16 
 FACTS AND PROCEDURAL HISTORY
Randy Bevill was indicted on March 10, 1986, on two counts of burglary of a dwelling. Represented by appointed counsel, Bevill plead guilty to both charges. At the hearing, held on July 11, 1986, the judge questioned Bevill concerning his understanding of his constitutional rights and his waiver of such rights. The judge also advised Bevill of the maximum sentence he could impose for each charge, ten years imprisonment and a fine of $10,000. The State made no recommendation as to sentencing; Bevill's lawyer asked that Bevill be considered for the Regimented Inmate Discipline (R.I.D.) program. The judge found Bevill's pleas to be voluntary on both charges. On July 18, 1986, Bevill was sentenced in cause number 9041 to a term of ten years, with ten years suspended, and placed on five years probation, three years supervised. A separate order continued cause 9042 "indefinitely for sentencing."
On August 15, 1986, the State filed a petition to revoke Bevill's probation on the basis that he had (1) created a disturbance at the home of Iris Cowly[1]; (2) made threatening and harassing phone calls to Cowly; (3) consumed alcoholic beverages, and (4) driven with a suspended licence, all in violation of the terms of his probation. After a hearing was held August 21, 1986, the trial court vacated Bevill probation in cause number 9041, and ordered that he serve a sentence of five years. Also on August 21, 1986, Bevill was sentenced to three years imprisonment in cause number 9042.
Bevill was indicted as a habitual offender for capital murder and kidnapping of Amy Clayton on August 29, 1986, with the two burglary convictions supporting the habitual offender portion of the indictment. (See Bevill v. State, 556 So.2d at 704). Bevill was convicted of capital murder and sentenced to death after a March 1987 trial. (Id.) On appeal, this Court reversed on the basis of the admission of a confession by Bevill given to law enforcement without Miranda warnings, and remanded for a new trial. At the second trial, Bevill was found guilty of murder and sentenced to life without parole. Bevill's conviction and sentence were affirmed by the Court of Appeals on October 17, 1995 (petition for reh'g. den. December 29, 1995).
On July 8, 1993, Bevill filed a Motion to Vacate and Set Aside Convictions and Sentence in the burglary cases, alleging ineffective assistance of counsel and an involuntary plea. In particular, Bevill alleged that his guilty plea was entered involuntarily in violation of Rule 3.03 and Boykin v. Alabama;
that he was never advised by the trial court of the minimum penalty he faced or of the critical elements of the crimes to which he was pleading guilty; that he pled guilty without benefit of effective counsel; and that his lawyer had advised him that if he pled guilty he would receive a sentence no greater than participation in the R.I.D. program, pursuant to a plea agreement between his lawyer and the district attorney. Bevill further stated that his lawyer had advised him that the court's indefinite continuance of sentencing in cause number 9042 meant that "he would never be sentenced on that charge and that it was forever put to rest" and that the charge could not be used for enhancement purposes. Bevill further asserted that the trial court had failed to advise him that the convictions could be used for enhancement purposes. Bevill asserted that the trial court had decided to impose a sentence in cause number 9042 because it wanted to indict him as an habitual offender (in the capital murder case). Bevill further stated that had he been advised by the judge or his lawyer that he was being sentenced in 9042 simply for enhancement purposes, he would have withdrawn his plea, and that had he known he would not receive as a sentence for 9042 placement in the RIDD program, he would not have plead guilty.
Bevill's motion was denied by the trial court without hearing on June 21, 1994. The court found that (1) the statute for burglary of a dwelling provides no minimum sentence; therefore, Bevill's complaint that the court had failed to advise him of the minimum *Page 17 
sentence was without merit; (2) Bevill had in fact been advised of the critical elements of the charges against him, including by recitation of the indictments at the plea hearing; (3) Bevill's complaints concerning an "agreement" between the State and his attorney was without merit; and (4) Bevill's lawyer had done "a good job in keeping him out of jail"; therefore, the ineffective assistance of counsel claim was without merit. The court noted that the ineffective assistance of counsel claim was "the only claim not actually barred by time."
 AUTHORITY AND RECOMMENDATION Time Bar
Miss. Code Ann. § 99-39-5 provides, in part:
 (2) A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired, or his probation, parole or conditional release has been unlawfully revoked.
(emphasis added). Petitions for post-conviction relief filed after expiration of three year period are time-barred, unless a prisoner's claim therein falls within one of the statutory exceptions. See Lockett v. State, 656 So.2d 68 (Miss. 1995);Cambell v. State, 611 So.2d 209 (Miss. 1992); Cole v. State,608 So.2d 1313 (Miss. 1992).
Bevill filed his motion for post-conviction relief on July 8, 1993, almost seven years after his August 21, 1986, sentencing for the burglary convictions. Therefore, Bevill's motion is, on its face, time-barred. Bevill offers no argument in his brief for either of the statutory exceptions to the procedural bar.
Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration. See, e.g., Luckett v. State, 582 So.2d 428
(Miss. 1991) (denial of due process in sentencing merited exception from three year time limit of Miss. Code Ann. §99-39-5); Smith v. State, 477 So.2d 191 (Miss. 1985) (denial of due process in sentencing merited exception from rule that questions not raised in the trial court cannot be raised for the first time on appeal). Bevill raises a claim of ineffective assistance of counsel. It is conceivable that under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights were violated. However, this Court has never held that merelyraising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar. Therefore, Bevill's ineffective assistance of counsel claim is insufficient to surmount the procedural bar. It may also be noted that this Court held in Patterson v. State, 594 So.2d 606 (Miss. 1992), that a trial court's failure to advise a defendant of maximum and minimum sentences does not implicate a "fundamental constitutional right" sufficient to except a case from the procedural bar of § 99-39-5. Therefore, Bevill's argument concerning the judge's failure to advise him of the minimum sentences for burglary are also insufficient to merit waiver of the procedural bar. Finally, this Court has never found that the trial court's denial of an evidentiary hearing implicated a "fundamental constitutional right" sufficient to surmount the procedural bar.
In sum, there are no grounds for waiver of the procedural bar imposed by Miss. Code Ann. § 99-39-5. The circuit court properly denied Bevill's motion for post-conviction relief on this basis. *Page 18 
 Mississippi Uniform Criminal Rule of Circuit Court Practice 3.03
Bevill argues that his guilty pleas were not knowingly, voluntarily and intelligently entered because the trial court failed to advise him of the minimum sentences he faced, in violation of Miss.Unif.Crim.R.Cir.Ct.Prac. 3.03, Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and this Court's application of Boykin. Bevill further argues under this assignment of error that the trial court failed to advise him of the critical elements of the crimes to which he was pleading guilty.
Rule 3.03 of the Uniform Rules of Circuit Court Practice provides in part:
 (3) Advice to the Defendant. When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
 (B) That the accused understands the nature and consequences of his plea, and the maximum and minimum penalties provided by law. . . .
These requirements are now contained in Rule 8.04 of the Uniform Circuit and County Court Rules.[2] This Court has held that a trial court's failure to advise the defendant of the minimum sentence faced may render the defendant's guilty plea involuntary as a matter of law. See, e.g., Vittitoe v. State,556 So.2d 1062, 1065 (Miss. 1990). Where the record contains no evidence that the defendant was informed of the minimum sentence he faced, this Court has reversed the denial of post-conviction relief, and remanded for an evidentiary hearing on the voluntariness of the defendant's plea. See Washington v. State,620 So.2d 966 (Miss. 1993) (remand for evidentiary hearing on voluntariness of plea where trial court had failed to advise defendant of mandatory minimum sentence).[3]
In Bevill's case, it may be noted that Miss. Code Ann. §99-17-21 ("Burglary; breaking and entering dwelling") (presumably the statute under which Bevill was prosecuted[4]) provides a maximum sentence of ten years, but no minimum sentence. This Court has not yet addressed the particular question of when no minimum sentence is provided by statute, the trial judge is required under Rule 3.03 to so advise the defendant.
The trial court reviewing Bevill's post-conviction motion noted that § 97-17-19 provides no minimum sentence, and stated that "[f]or this reason, the Court had no obligation to advise Defendant concerning a minimum where none existed." We find this reasoning entirely sensible. We hold that the requirement in Rule 3.03 of the Uniform Rule Circuit Court Practice (and Rule 8.04 of the Uniform Circuit and County Court Rules) that a judge "inquire and determine . . . that the accused understands . . . the maximum and minimum penalties provided by law" prior to accepting a guilty plea means that a judge must advise the defendant of the minimum number of years of imprisonment specified by the statute pursuant to which he is being sentenced, if any such minimumnumber of years is provided. Where the statute specifies no minimum number of years of imprisonment, the judge is not
obliged to inform the defendant that no *Page 19 
minimum sentence is provided, or that the minimum penalty he faces is "zero." To use an example apart from Bevill's case, the statute pertaining to "Robbery," Miss. Code Ann. § 97-3-75 (Supp. 1995), provides that "[e]very person convicted of robbery shall be punished by imprisonment in the penitentiary for a term of not more than fifteen years." A defendant pleading guilty to robbery must, under Rule 3.03 of the Uniform Rule Circuit Court Practice (and Rule 8.04 of the Uniform Circuit and County Court Rules), be advised that he faces a maximum sentence of fifteen years; he has no right to be informed that the statute contains no minimum sentencing requirement. However, if a defendant is facing a charge of armed robbery under Miss. Code Ann. § 97-3-79, which provides that a jury may sentence the defendant to life imprisonment, and also provides a minimum sentence of three years imprisonment to be imposed by the judge if the jury fails to fix the penalty at life imprisonment, the defendant must be advised of both the minimum and the maximum sentences.
 CONCLUSION
The trial court correctly found Bevill's motion for post-conviction relief time-barred under Miss. Code Ann. §99-39-5. We affirm the court's denial of Bevill's motion, and reject Bevill's claim that his plea was involuntary because the trial court failed to advise him of a non-existent minimum sentence. We hold that under Rule 3.03 of the Uniform Rule Circuit Court Practice (and Rule 8.04 of the Uniform Circuit and County Court Rules), a trial judge is required to advise the defendant of a minimum sentence only if a minimum sentence is provided by the statute under which he is being sentenced.
LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED.
DAN M. LEE, C.J., PRATHER and SULLIVAN, P.JJ., and PITTMAN, BANKS, SMITH and MILLS, JJ., concur.
JAMES L. ROBERTS, Jr., J., not participating.
[1] The facts as recited in Bevill v. State, 556 So.2d 699
(Miss. 1990), state that Cowly and Bevill had previously dated.
[2] Effective May 1, 1995.
[3] However, the Court has also held that the trial court's failure to advise the defendant of the minimum sentence may be harmless error. See Sykes v. State, 624 So.2d 500 (Miss. 1993) (Court extends harmless error analysis of Gaskin v. State,618 So.2d 103 (Miss. 1993); holds that where it can be said "beyond a reasonable doubt that the failure to advise an accused of a minimum played no role in the decision of the accused to plead, such failure is not fatal to the sentence"). See also Smith v.State, 636 So.2d 1220 (Miss. 1994) (harmless error where court failed to advise defendant of minimum sentence).
[4] While the indictments do not specify the statute under which Bevill was charged, it appears that Bevill was indicted under Miss. Code Ann. § 97-17-19, "Burglary, breaking and entering of dwelling." This conclusion is based on the lack of allegation in the indictment that a human being was in the dwelling at the time of the breaking and entering (in which case the crime would have been "Burglary; inhabited dwelling" under § 97-17-21). Further, in the plea colloquy, the judge advised Bevill that the maximum sentence would be ten years, which is consistent with § 97-17-19. Finally, in the trial court's order denying Bevill's petition for post-conviction relief, the court refers to § 97-17-19, and notes that no minimum sentence is dictated by that statute. Review of the Mississippi Code section in effect at the time of Bevill's plea confirms that the statute did not provide for a minimum sentence.