# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-KP-00275-SCT

*JEFFERY EASON*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/01/96 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | COPIAH COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT FLYNN |
| DISTRICT ATTORNEY: | ALEXANDER C. MARTIN |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 9/4/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 9/25/97 |

**BEFORE DAN LEE, C.J., McRAE AND SMITH, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

Before this Court is the appeal of Jeffery Eason regarding ineffective assistance of counsel. Finding no merit in the appellant's assignment of error, we affirm the denial of post-conviction relief.

**I.**

On or about June 1, 1981, Jeffery Eason went to a Pizza Hut located at Highway 28 West in Hazlehurst, Mississippi and murdered Joseph Clayton Harris in the course of robbing the restaurant. Eason entered a plea of guilty to armed robbery in the Circuit Court of Copiah County on November 13, 1981. He was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively with a sentence already imposed in another cause.

On January 2, 1996, Eason filed a motion for post-conviction relief in the form of a motion to vacate

and set aside conviction and sentence, alleging ineffective assistance of counsel. The motion was rejected by the trial court as being barred by the statute of limitations.

> A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction.

Miss. Code Ann. § 99-39-5. Eason appealed to this Court, asking whether he received ineffective assistance of counsel because his attorney misled him into pleading guilty in violation of the Double Jeopardy Clause.

## II.

Petitions for post-conviction relief filed after the expiration of the three-year period are time barred, unless a prisoner's claim therein falls within one of the statutory exceptions. *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996). Exceptions to the time bar are made in the following circumstances.

> Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

Miss. Code Ann. § 99-39-5(2).

Bevill filed his motion for post-conviction relief on July 8, 1993, almost seven years after his August 21, 1986, sentencing for burglary convictions. *Bevill*, 669 So. 2d at 17. Eason's case does not fit into any of the statutory exceptions to the time bar, as he admits. *Appellant's Surrebuttal Brief* at 2. Since Eason was convicted prior to the passage of the Post-Conviction Relief Act, he had three years from the effective date of the Act in which to file his motion for post conviction relief, or April 17, 1987. Eason filed his motion for post-conviction relief on January 2, 1996, over fifteen years after entry of his guilty plea and over twelve years after the close of the window to file his motion for post-conviction relief. By allowing this time period to elapse with no explanation or exception, Eason is time barred from presenting a petition to vacate a guilty plea.

We previously have held that an ineffective assistance of counsel claim is insufficient to surmount the procedural bar set by the statute of limitations. *Bevill*, 669 So. 2d at 17. Similar to Eason, the defendant in *Bevill* raised a claim of ineffective assistance of counsel. In *Bevill*, we noted that

> [i]t is conceivable that under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights were violated. However, this Court has never held that merely

*raising* a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.

*Id.* We also rejected Bevill's claims that failure to advise a defendant of maximum and minimum sentences and refusal to grant an evidentiary hearing implicated fundamental constitutional rights sufficient to except the case from the procedural bar. *Id.*

Eason contends that his counsel misled him into pleading guilty in violation of the Double Jeopardy Clause. He alleges that his attorney was ineffective in allowing him to plead guilty to both charges. In his motion for post-conviction relief, Eason asserted that he was indicted for capital murder and pleaded guilty with hopes of receiving a sentence other than the death penalty. However, Eason now alleges that if he had pleaded guilty to capital murder, the only sentence the court could have given him would have been life with parole. Instead, under his attorney's advisement, he agreed to plead guilty to murder and receive a life sentence and armed robbery and receive a twenty-five-year sentence to run consecutively. This advice, Eason argues, constituted ineffective assistance of counsel, because his guilty plea violated the Double Jeopardy Clause.

We resolved a very similar issue recently in *Kincaid v. State*, No. 94-KP-00157-SCT (Miss. May 29, 1997). Defendant Kincaid was indicted for capital murder and pled guilty to murder and armed robbery. *Id.*, slip op. at 1. In return for the State's promise not to prosecute him for capital murder or seek the death penalty, Kincaid agreed not to seek or accept parole or any release from prison for the remainder of his natural life. *Id.* This resulted in a life sentence for murder and a consecutive forty-year sentence for armed robbery. *Id.*

Kincaid entered his guilty pleas on November 3, 1986. *Id.* at 2. He filed a motion to vacate his conviction and sentence on August 27, 1992, alleging that his guilty pleas were involuntary and that he *received ineffective assistance of counsel. Id.* at 3. Accordingly, the trial court dismissed his application for post-conviction collateral relief as untimely. *Id.* On appeal to this Court, Kincaid argued that his application for post-conviction relief was not barred by the statute of limitations under Miss. Code Ann. § 99-39-5(2) because his case involved plain error and the denial of fundamental constitutional rights. *Id.*

> In *Lockett v. State*, 656 So. 2d 68, 71 (Miss. 1995), *cert. denied*, U.S., this Court set forth statutory exceptions to the time bar: (1) allegations of supervening insanity; (2) intervening decisions which would have adversely affected the outcome of [the] conviction or sentence, and (3) newly discovered evidence.

*Kincaid*, slip. op at 3-4. Affirming the denial of post-conviction relief, this Court determined that Kincaid's motion was time-barred and that he failed to demonstrate that his case satisfied any of the statutory exceptions to the time bar. *Id.* at 4.

Eason alleges the same ineffective assistance of counsel as Kincaid, based on a very similar plea situation--guilty pleas to murder and armed robbery in exchange for the State's agreement not to prosecute for capital murder or seek the death penalty. Eason has failed to demonstrate that his case satisfies any of the statutory exceptions to the time bar. Given the factual similarity between the instant case and *Kincaid*, this Court shall apply the same disposition. Therefore, we affirm the denial of Eason's motion for post-conviction relief based on an untimely appeal and a failure to satisfy any of the statutory exceptions to the time bar.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**