## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1998-CP-01792-SCT

*CLARENCE EDWARD MASTON*

*v.*

*STATE OF MISSISSIPPI*

### ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/1998 |
| TRIAL JUDGE: | HON. JERRY O. TERRY, SR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: PAT S. FLYNN |
| DISTRICT ATTORNEY: | CONO CARANNA |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | MOTION FOR REHEARING DENIED - 11/04/1999 |
| MOTION FOR REHEARING FILED: | 09/20/1999 |
| MANDATE ISSUED: | 11/12/99 |

## EN BANC.

## SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. On September 9, 1999, we issued our per curiam affirmance of the Harrison County Circuit Court's denial of Clarence Edward Maston's Petition for Post-Conviction Relief. Maston has filed his motion for rehearing, asking this Court to reconsider our decision. Finding no error on the part of the circuit court in this case, we deny Maston's motion for rehearing.

### STATEMENT OF THE FACTS

¶2. Clarence Edward Maston was convicted of rape in Harrison County, Mississippi, on October 4, 1990. In a separate hearing held the following day, the jury was unable to agree on a life sentence. Consequently, the Circuit Court of Harrison County, Judge Jerry O. Terry presiding, sentenced Maston to fifteen years in the custody of the Mississippi Department of Corrections. The court denied Maston's Motion for a New Trial on February 21, 1991.

¶3. Maston was allowed bond pending appeal to this Court.[1] In his brief, Maston explains that approximately six months later, he was arrested for another crime, convicted in federal court and sentenced to a federal penitentiary in Texas.

¶4. On March 31, 1997, while still a federal prisoner, Maston filed a Motion for Appointment of Counsel

to represent him "in this Appeal styled action." On the same date, he also filed a "Petition for the Production of Records" and a Motion for "Out of Time for a Notice of Appeal." Maston did not allege any specific errors from his trial but stated simply that he desired to "test the legality" of his conviction and sentence.[2] On April 10, 1997, the court denied Maston's motions, refusing to appoint counsel and provide free records "so that Maston can conduct a fishing expedition for possible grounds to challenge his conviction and sentence more than six years after the fact" and finding Maston had presented no grounds justifying an out-of-time appeal. Maston did not appeal this decision of the trial court.

¶5. On July 1, 1997, Maston filed a Motion to Vacate, Set-Aside or Correct Sentence. On April 22, 1998, Maston filed a Motion to Continue Bond Pending Final Adjudication. On August 6, 1998, Maston filed a Motion for Discovery requesting production of all motions, pleadings, files, transcripts, etc. concerning his rape conviction and requesting an evidentiary hearing. The record contains no response from the trial court concerning these three motions.

¶6. Meanwhile, on September 15, 1997, Maston was released to the Mississippi Department of Corrections to begin serving his sentence on the rape conviction. On February 20, 1998, Maston filed a Motion for Post-Conviction Relief claiming ineffective assistance of counsel and alleging his attorney failed to advise him of the right to appeal his rape conviction and fifteen year sentence. The trial court denied the motion as being successive in nature under Miss. Code Ann. § 99-39-23(6), time barred by the three year statute of limitations under Miss. Code Ann. § 99-39-5(2), and based entirely on Maston's unsupported affidavit. Maston appealed to this Court and we issue a per curiam affirmance of the trial court's judgment. Maston has now filed his motion for rehearing.

## STATEMENT OF THE LAW

### I.

### WHETHER THE TRIAL COURT ERRONEOUSLY DISMISSED MASTON'S MOTION FOR POST-CONVICTION RELIEF AS SUCCESSIVE IN NATURE, TIME BARRED, AND LACKING SUFFICIENT SUPPORT

¶7. On March 31, 1997, Maston filed a pleading entitled "Out of Time for a Notice of Appeal" and a pauper's affidavit.[3] On the same date, Maston requested appointment of counsel "to represent him in this Appeal styled action," and he requested production of records from his October 5, 1990 rape conviction and fifteen year sentence because he "desires to test the legality of such conviction and sentence."

¶8. The trial court denied Maston's Motion for Out of Time Appeal by order entered April 10, 1997. Maston did not appeal this decision of the trial court.

¶9. On February 20, 1998, Maston filed a motion seeking relief under the Mississippi Uniform Post Conviction Collateral Relief Act, specifically Miss. Code Ann. § 99-39-5(1)(h) and (i) which provide for out of time appeal. In this motion, Maston requested leave to file an out of time appeal, claiming ineffective assistance of counsel. According to Maston, his attorney failed to advise him of the right to appeal his October 5, 1990 conviction of rape and sentence of fifteen years.

¶10. We find Maston's Motion for Post-Conviction relief is prohibited for several reasons. First, it is a successive writ prohibited by Miss. Code Ann. § 99-39-23(9) (Supp. 1997) which provides:

The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this chapter. Excepted from this prohibition is an application filed pursuant to Section 99-19-57(2), Miss Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of an application relating to insanity under Section 99-19-57(2), Mississippi code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive applications on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different resulting the conviction or sentence. Likewise exempted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.

As previously stated, Maston filed a Motion for Out of Time Appeal on March 31, 1997. That motion was considered and denied by the trial court on April 10, 1997. No timely appeal was taken from that order. This Court has upheld the denial of successive applications where the petitioner has failed to demonstrate the existence of an exception set forth in § 99-39-27(9). *See **Sneed v. State**, 1998 WL 635554 (Miss. 1998)*; ***Hodgin v. State**, 710 So. 2d 404 (Miss. 1998)*. No statutory exceptions apply in the instant case. Maston is not under sentence of death and he does not claim insanity. There has been no intervening decision of either this Court or the United States Supreme Court which would adversely affect the outcome of Maston's conviction or sentence. Maston has not demonstrated any newly discovered evidence. Maston does not claim he is being held past the expiration of his sentence. Consequently, Maston is barred from bringing a successive petition.

¶11. The second reason the trial court offered for denying Maston's motion is that it was filed after the deadline prescribed in Miss. Code Ann. § 99-39-5 (2) (Supp. 1994) which provides:

A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is relied upon by the Supreme Court of Mississippi, or in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction . Excepted from this three-year statute of limitations are the following are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has new evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole, or conditional release has been unlawfully revoked.

¶12. Maston was convicted on October 4, 1990. Appeals to this Court are made by filing a notice of appeal with the trial court "within 30 days after the date of entry of the judgment or order appealed from." M.R.A.P. Rule 4(a). Maston failed to perfect an appeal to this Court. Section 99-39-5 (2) provides that in cases where no appeal is taken, the three year statute of limitations begins to run upon the entry of the

judgment of conviction. The deadline for Maston to file a direct appeal from his conviction would have been November 3, 1990. That would place the deadline for Maston to file his motion for post-conviction relief on November 3, 1993. Since Maston did not file his motion until February 20, 1998, the motion is time barred unless Maston raises a claim falling within one of the recognized statutory exceptions. Maston cites no intervening decision of either this Court or the United State Supreme Court which would adversely affect the outcome of Maston's conviction or sentence. Maston has brought forth no newly discovered evidence. Maston does not claim he is being held past the expiration of his sentence.

¶13. Maston does, however, raise a claim of ineffective assistance of counsel. Maston argues that because his trial counsel, Earl Stegall, was under investigation himself in an attorney discipline matter, he was unable to competently perform his duties. *See Stegall v. The Mississippi Bar*, 618 So. 2d 1291 (Miss. 1993). Maston further asserts that because he was incarcerated in a federal prison in Texas, he had no way of knowing that his attorney had failed to file a Notice of Appeal.

¶14. This Court has recognized an exception to procedural bars where a fundamental constitutional right is involved. *Luckett v. State*, 582 So. 2d 428 (Miss. 1991) (denial of due process in sentencing merited exception from the three year time limit of § 99-39-5); *Smith v. State*, 477 So. 2d 191 (Miss. 1985) (denial of due process in sentencing merited an exception from the rule that questions not raised in the trial court cannot be raised for the first time on appeal). In *Bevill v. State*, 669 So. 2d 14, 17 (Miss. 1996), the Court stated that under the facts of a particular case, it might find that a lawyer's performance was so deficient, and so prejudicial to the defendant, that the defendant's fundamental constitutional rights were violated. The *Bevill* Court noted, however, that this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar. *Id.* Maston complains his trial counsel failed to notify him of his right to a direct appeal. While the facts of this case are unfortunate, this Court finds they are insufficient to surmount the procedural bar to Maston's untimely post-conviction petition.

¶15. The third and final reason cited by the trial court for denying Maston's motion for post-conviction relief is that his petition lacked any supporting affidavits. The State cites *Mack v. State* in which the Court stated "Miss. Code Ann. § 99-39-9(1)(e)(1994) requires that a movant's claims be supported by affidavits. Mack's petition, for the most part makes bare assertions which are supported by no affidavits. Failure to comply with this portion of the statute is sufficient reason to deny a post-conviction claim of ineffective assistance of counsel." *Mack v. State*, 1998 WL 240123 (Miss. 1998). The State's reliance on *Mack* is misplaced as this opinion was withdrawn by the Court on February 25, 1999.

¶16. In *Ford v. State*, 708 So. 2d 73 (Miss. 1998), the Court held that the lack of supporting affidavits does not in and of itself render a motion invalid where there are no witnesses to the allegations asserted by the appellant. Maston's petition for post-conviction relief is based solely on his unsupported allegation that his trial counsel failed to advise him of his right to appeal and the trial court failed to advise him of his rights regarding post-trial matters. However, the trial court gave three reasons for dismissing Maston's February 20, 1998 motion: (1) the motion is a successive writ; (2) the motion is time-barred; and (3) his claim of ineffective assistance of counsel is supported only by his own affidavit. Considering these reasons collectively, this Court finds the trial court committed no error. We therefore deny Maston's motion for rehearing.

¶17. **MOTION FOR REHEARING DENIED.**

**PRATHER, C.J., PITTMAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**

1. There is no evidence in the record of any appeal being perfected.

2. In these earlier motions, Maston made no claim of ineffective assistance of counsel.

3. This motion made no claim of ineffective assistance of counsel.