HINKEBEIN, J.,
for the Court:
¶ 1. On May 27, 1985, Henry Lee Sanford pled guilty to possession of PCP or “angel dust”. On May 28, the resulting judgment was entered, and he was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections with the final three to run concurrently with any federal sentence provided that federal authorities did not designate the MDOC as the facility for the service of the federal sentence. On February 20,1998, Sanford filed a motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, §§ 99-39-1 et seq., citing the following allegations:
I. THE TRIAL COURT ERRED IN FAILING TO INQUIRE AS TO WHETHER SANFORD UNDERSTOOD THE NATURE OF THE CHARGES AGAINST HIM.
II. THE TRIAL COURT ERRED IN FAILING TO DEVELOP A FACTUAL BASIS FOR ACCEPTING SANFORD’S GUILTY PLEA.
III. THE TRIAL COURT ERRED IN FAILING TO INQUIRE AS TO WHETHER SANFORD UNDERSTOOD THE NATURE OF HIS RIGHT TO A JURY TRIAL AND THE CONSEQUENCES ASSOCIATED WITH THE DECISION TO WAIVE IT.
IV. SANFORD WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL.
On February 26, 1998, the circuit court dismissed the petition finding that it was time barred by § 99-39-5(2). Mississippi Code Annotated § 99-39-5(2) (Rev.1994). We agree.
¶ 2. As the lower court noted, § 99-39-5(2), which identifies the time limitations for the filing of post-conviction motions to vacate convictions and sentences, reads in pertinent part as follows:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 3. Because Sanford’s present application was not filed until nearly ten years after the statute of limitations had expired and he makes no claim that one of these enumerated exceptions apply, we affirm the circuit court’s determination that his application is barred.
¶ 4. Sanford’s appellate contention that this procedural bar must yield to the “imperative of correcting a fundamentally unjust incarceration [arising from his] actual innocence,” is unsuccessful as well. The Mississippi Supreme Court has previously applied the statute of limitations both in the context of a petition to vacate a guilty plea and a claim of ineffective assistance of counsel. Cole v. State, 608 So.2d 1313, 1320 (Miss.1992); Bevill v. State, 669 So.2d 14, 17 (Miss.1996). In the former instance the court went on to write, “[i]t is a well-settled principle that a *223 state may attach reasonable time limitations to the assertion of federal constitutional rights” and “that a time limitation also may be placed on the exercise of a state constitutional right.” Cole, 608 So.2d at 1319. Even “the fact that a barred claim is a just one or has the sanction of a moral obligation does not exempt it from the limitation period.” Id. at 1317. Consequently, we hold this appeal to be wholly without merit.
¶ 5. THE JUDGMENT OF THE WEBSTER COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WEBSTER COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, KING, PAYNE AND SOUTHWICK, JJ., CONCUR.