HINKEBEIN, J.,
for the Court:
¶ 1. On January 25, 1991 Perry Williams entered a guilty plea to undisclosed criminal charges in the circuit court of Washington County and was sentenced to a term in the custody of the Mississippi Department of Corrections. On August 8, 1997, Williams filed a motion for post-conviction relief under the Mississippi Uniform Post-Conviction Collateral Relief Act, §§ 99-39-1 et seq., citing the following allegations which we have edited for clarity:
I. THE TRIAL COURT ERRED BOTH IN FAILING TO PROPERLY INQUIRE AS TO WHETHER WILLIAMS UNDERSTOOD THE SPECIFIC CONSTITUTIONAL RIGHTS WAIVED BY PLEADING GUILTY AND THE CONSE *1230 QUENCES ASSOCIATED WITH THE DECISION TO DO SO.
II. WILLIAMS WAS AFFORDED INEFFECTIVE ASSISTANCE OF COUNSEL.
On August 24, 1997, the circuit court dismissed the petition finding that it was time barred by § 99-39-5(2). Mississippi Code Annotated § 99-39-5(2) (Rev.1994). We agree.
¶2. As the lower court noted, § 99-39-5(2), which identifies the time limitations for the filing of post-conviction motions to vacate convictions and sentences, reads in pertinent part as follows:
A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the supreme court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the supreme court of either the state of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
¶ 3. Because Williams’s present application was filed more than three years after the statute of limitations had expired and he makes no claim that one of these enumerated exceptions apply, we affirm the circuit court’s determination that his application is barred. The Mississippi Supreme Court has previously concluded so with regard to both of the issues raised by Williams’s petition and has written therein that “a state may attach reasonable time limitations to the assertion of federal constitutional rights” and “a time limitation also may be placed on the exercise of a state constitutional right.” Cole v. State, 608 So.2d 1313, 1319-20 (Miss.1992); Bevill v. State, 669 So. 2d 14, 17 (Miss.1996). Consequently, we have no difficulty in holding this appeal to be without merit.
¶ 4. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WASHINGTON COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., and COLEMAN, DIAZ, HERRING, KING, PAYNE and SOUTHWICK, JJ., concur.