781 So.2d 155 (2000)
Carter Earl FROST, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01350-COA.
Court of Appeals of Mississippi.
October 24, 2000.
Rehearing Denied January 9, 2001.
Certiorari Denied March 29, 2001.
*156 Carter Earl Frost, Appellant pro se.
Office of the Attorney General by Billy L. Gore, for Appellee.
Before McMILLIN, C.J., LEE, and PAYNE, JJ.
LEE, J., for the Court:
¶ 1. On August 16, 1999, Carter Frost filed a motion for post-conviction collateral relief, asserting that his sentence should be vacated because the 1987 guilty plea he entered was "constitutionally invalid" due to ineffective assistance of counsel, as well as his plea being unintelligent and involuntary. Additionally, Frost argued that since his 1987 guilty plea was invalid it should not have been applied to enhance his sentence as an habitual offender when he was convicted and sentenced for the crime of robbery in 1991. It is at this point we note that Frost was eligible to be sentenced as an habitual offender pursuant to Miss.Code Ann. § 99-19-81 (Rev.1994), because he had two prior felony convictions: (1) the 1987 sentence for burglary of a dwelling house, and (2) the 1989 sentence for sale of a controlled substance. Frost does not contest his sentence for the 1989 sale of a controlled substance. Nonetheless, the motion for post-conviction collateral relief filed by Frost was denied by the trial court as time-barred. On appeal we are reviewing one issue: Whether the trial judge erred when he determined that the post-conviction collateral relief motion, requesting that the trial court vacate the 1987 sentence, was time-barred by the three year statute of limitations set forth in Miss.Code Ann. § 99-39-5(2) (Supp. 1999). Finding this issue without merit, we affirm the trial judge.

FACTS
¶ 2. The essential facts that surround Frost's claim of ineffective assistance of counsel and unintelligent, involuntary guilty plea are that he received ineffective assistance of counsel because his attorney of record was not present at the time he pled guilty. Instead, another attorney was present, merely to represent him during the guilty plea hearing. Additionally, Frost claims "counsel of record ... never filed a motion for discovery ... nor stand in counsel and only consulted with applicant to enter a guilty plea." Frost states that "counsel of record nor stand in counsel were familiar with the facts and laws *157 relevant to applicant's case." Furthermore, Frost contends that "no police report [was] requested, [and] no investigative report [was] requested." Besides Frost's claim of ineffective assistance of counsel and unintelligent, involuntary guilty plea, it is also important to recognize three dates which will help this Court determine if the arguments presented by Frost are time-barred: (1) 1987Frost enters a guilty plea for burglary of a dwelling house, (2) 1991Frost is convicted of robbery, and (3) 1999Frost files his petition for post-conviction collateral relief. Any additional facts that merit discussion will be addressed in our analysis of the issue on appeal.

DISCUSSION
¶ 3. The following issue was presented by Frost on appeal.
WHETHER THE TRIAL JUDGE ERRED WHEN HE DETERMINED THAT THE POST-CONVICTION COLLATERAL RELIEF MOTION REQUESTING THAT THE TRIAL COURT VACATE THE 1987 SENTENCE WAS TIME-BARRED BY THE THREE YEAR STATUTE OF LIMITATIONS SET FORTH IN MISS. CODE ANN. § 99-39-5(2).
¶ 4. Frost argues that the trial judge erred when he held that his petition for post-conviction collateral relief was time-barred. The State counters this argument and asserts that the trial judge made a correct ruling pursuant to Miss.Code Ann. § 99-39-5(2) (Supp.1999), which allows a motion for relief to be filed within three years from the time the prisoner receives a decision from the Mississippi Supreme Court on his direct appeal, or if no appeal was filed, within three years after the time for filing an appeal from the judgment of conviction or sentence has expired. If it is a guilty plea, the prisoner has three years after the entry of the judgment of conviction. However, there are three exceptions to the three year statute of limitations which allows the filing of a post-conviction collateral relief after the statute of limitations has expired. The three exceptions are: (1) if there is an intervening decision of the Mississippi or United States Supreme Court that would have actually adversely affected the outcome of the conviction, (2) if there is new evidence that was not reasonably discoverable at the time of trial which would be practically conclusive and that if introduced at trial it would have caused a different result in the conviction or sentence, or (3) if the prisoner claims that his sentence has expired, or that his or her probation, parole, or conditional release was unlawfully revoked. We must now apply these guidelines to the facts in the case at bar.
¶ 5. We begin with the basic premise that a three year statute of limitations is applicable; therefore, we must determine when the three year statute of limitations begins to run. Frost initially entered a guilty plea for the crime of burglary, of which he complains, on February 4, 1987. Under Miss.Code Ann. § 99-39-5(2) (Supp.1999), Frost then had three years from February 4, 1987 to file his motion for post-conviction collateral relief; therefore, it would have been due no later than February 4, 1990. Frost did not file his petition for post-conviction collateral relief until August 16, 1999. This meant that Frost's filing of his petition was approximately nine years beyond the statutory requirements and is time-barred, unless he meets one of the three exceptions. However, before we look to the exceptions, we will next look at the lapse of time between Frost's 1991 conviction and his filing of the petition for post-conviction collateral relief.
¶ 6. Frost's last conviction was on February 7, 1991, when a jury returned a *158 verdict of guilty of robbery. The record reflects that Frost filed an appeal to the Mississippi Supreme Court which the court denied in a per curiam opinion which was handed down on August 19, 1992. Pursuant to Miss.Code Ann. § 99-39-5(2) (Supp.1999), a prisoner will have three years after a direct appeal has been ruled upon by the Mississippi Supreme Court. The Mississippi Supreme Court ruled on Frost's appeal from his 1991 conviction on August 19, 1992; therefore, Frost had until August 19, 1995 to file a petition for post-conviction collateral relief. It is clear that the statute of limitations had expired by approximately four years since the time-bar existed on August 19, 1995, and Frost did not file his motion for post-conviction collateral relief until August 16, 1999. Having determined that Frost is initially barred by the three year statute of limitations, we must now inquire as to whether Frost's argument of ineffective assistance of counsel and unintelligent, involuntary guilty plea meet one of the exceptions carved out in Miss.Code Ann. § 99-39-5(2) (Supp.1999).
¶ 7. As aforementioned, the essence of the argument presented by Frost is that he received ineffective assistance of counsel when he entered his 1987 guilty plea, as well as his plea being unintelligent and involuntary; therefore, it should be vacated and the sentence that was imposed in 1991 should be reduced. For the first time on appeal, in his reply brief, Frost attempts to fit this argument under the exception of newly discovered evidence. Frost contends that his claim meets the requirement of newly discovered evidence because it was not until he conducted research of the law that he understood the nature of his case. To qualify as "newly discovered evidence" it must be evidence which could not have been discovered by the exercise of due diligence at the time of trial, as well as being almost certainly conclusive that it would cause a different result. In Re Hill, 460 So.2d 792, 796 (Miss.1984). Unfortunately for Frost, a claim of ignorance of the law is not considered newly discovered evidence. Id. at 797. We now turn our attention to the actual substance of Frost's argument, which is ineffective assistance of counsel which he asserts resulted in a guilty plea that was unintelligent and involuntary.
¶ 8. In Bevill v. State, 669 So.2d 14, 17 (Miss.1996), the Mississippi Supreme Court did acknowledge that the time-bar might be overcome not only by meeting one of the three exceptions enumerated in Miss.Code Ann. § 99-39-5(2) (Supp.1999), but that an individual might also prevail over the time-bar if the person proved that a fundamental constitutional right had been violated. Bevill, 669 So.2d at 17. The court in Bevill further acknowledged that there might be an instance where a claim for ineffective assistance of counsel might merit the finding that a lawyer's performance violated a fundamental constitutional right. Id. However, the Mississippi Supreme Court has held on several occasions that simply raising the claim of ineffective assistance of counsel does not entitle the prisoner to relief from his or her untimely action. See Luckett v. State, 582 So.2d 428, 430 (Miss.1991); see also Bevill v. State, 669 So.2d 14, 17 (Miss. 1996). We conclude that Frost's claim of ineffective assistance of counsel and unintelligent, involuntary guilty plea does not reach the level of having violated a fundamental constitutional right. The record reveals that on the day of Frost's guilty plea, the counsel that was present on behalf of Frost, instead of his counsel of record, presented Frost's petition to enter a plea of guilty. This petition had been signed by Frost and his counsel of record. There are no other facts that support *159 Frost's contention of ineffective assistance of counsel and claim of unintelligent, involuntary guilty plea. Additionally, none of the exceptions to the three year limitation are applicable; therefore, the petition for post-conviction collateral relief is time-barred. We affirm the decision of the trial court denying post-conviction collateral relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, MYERS, PAYNE, and THOMAS, JJ., concur.