BARNES, J.,
for the Court.
¶ 1. Dennis Jacob Berry, pro se, appeals the dismissal of his motion for post-conviction relief by the Circuit Court of Warren County. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. In February 1997, Berry pled guilty in the Circuit Court of Warren County to two counts of armed robbery. On the first count, Berry was sentenced to twenty years in the custody of the Mississippi Department of Corrections, with ten years suspended and five years of supervised probation. On the second count, Berry was sentenced to eighteen years, with ten years suspended and five years of supervised probation. The circuit court ordered that the sentences run consecutively. At some point after his conviction, Berry filed a motion for post-conviction relief, which was dismissed by the Warren County Circuit Court by an order dated August 15, 1997.
¶ 3. On June 17, 2004, Berry filed a second motion for post-conviction relief, styled “Motion For Leave To File Amended Complaint,” in which he asserted that he had been illegally sentenced, that he had been denied effective assistance of counsel, and that his guilty plea had not been entered knowingly and voluntarily. The Circuit Court of Warren County dismissed Berry’s motion, stating that it was barred as being untimely and further barred as successive. Aggrieved, Berry timely appealed to this Court.
ISSUE AND ANALYSIS
STANDARD OF REVIEW
¶ 4. Our standard of review on a denial of a motion for post-conviction relief is well-established. We will not reverse the trial court unless we find that the court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002).
I. WHETHER THE CIRCUIT COURT ERRED IN DENYING BERRY’S MOTION FOR POST-CONVICTION RELIEF.
¶ 5. We find that the circuit court properly dismissed Berry’s motion as a successive writ prohibited by section 99-39-27(9) of the Mississippi Code Annotated (Supp.2001), which states that “[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article.” Section 99-39- *626 27(9) excepts from the rule against successive writs those cases in which (1) the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence; (2) where the prisoner has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence; and (3) where the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-27(9) (Supp.2001). See also Maston v. State, 750 So.2d 1234, 1236(¶ 10) (Miss.1999). Berry claims none of these exceptions. Additionally, the Mississippi Supreme Court has held that “[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.” Luckett v. State, 582 So.2d 428, 430 (Miss.1991).
¶ 6. In addition to finding that none of the statutory exceptions applies in Berry’s case, we also find no violation of Berry’s fundamental rights that would justify lifting the bar against successive writs. Berry claims that he was illegally sentenced because, as a prior felon, he was not eligible for a partially suspended sentence. See Miss.Code Ann. § 47-7-33(1) (Rev. 2004) (prohibiting imposition of suspended sentence where defendant has been convicted of a felony on a prior occasion). We have recognized that a defendant’s fundamental right of freedom is violated when the sentence imposes an undue burden on the defendant. See Pruitt v. State, 846 So.2d 271, 274(¶ 9) (Miss.Ct.App.2003). In the present case, for each count of armed robbery, Berry could have been sentenced to anything less than life in prison. See Miss.Code Ann. § 97-3-79 (Rev.1994). Instead, he was sentenced to a total of thirty-eight years of imprisonment, with twenty years suspended. We have also held that when a felon benefits from a suspended sentence, no fundamental right is violated. See Pruitt, 846 So.2d at 274(¶ 10) (“A convicted felon may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so”). Because the circuit court’s sentence did not violate Berry’s fundamental right of freedom, we find that the procedural bar against successive writs applies.
¶ 7. As to Berry’s claim of ineffective assistance of counsel, in Bevill v. State, 669 So.2d 14, 17 (Miss.1996), the Mississippi Supreme Court stated that:
It is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant that the defendant’s fundamental constitutional rights were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.
In the present case, Berry’s mere assertions of ineffective assistance are not sufficient to establish that his fundamental constitutional rights were violated. There is no evidence in the record suggesting that Berry’s counsel acted other than capably. Thus, Berry is unable to show a violation of his fundamental constitutional rights that would justify an exception to the bar against successive writs.
¶ 8. Finding that the circuit court properly dismissed Berry’s motion for post-conviction relief as successive, we affirm.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY *627 DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR.