986 So.2d 326 (2007)
Bobby JACKSON a/k/a Bobby Fate Jackson, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-CP-01588-COA.
Court of Appeals of Mississippi.
October 2, 2007.
Rehearing Denied March 18, 2008.
*327 Bobby Jackson, appellant, pro se.
Office of the Attorney General by Jacob Ray, attorney for appellee.
Before KING, C.J., CHANDLER and CARLTON, JJ.
KING, C.J., for the Court.
¶ 1. Bobby Jackson appeals the Scott County Circuit Court's summary dismissal of his post-conviction relief motion. The circuit court held that Jackson's claims were time barred. Finding no error in the circuit court's decision, we affirm.

FACTS
¶ 2. In October 2000, Jackson was indicted on three counts of gratification of lust, in violation of Mississippi Code Annotated Section 97-5-23 (Rev.2006), and two counts of sexual battery, in violation of Section 97-3-95 (Rev.2006). On February 8, 2001, the court re-arraigned Jackson, and in exchange for all of the counts being reduced to gratification of lust, he entered pleas of guilty. After the plea hearing, the court sentenced Jackson to serve five years in prison on each count. The court imposed the sentences in counts one through three to run consecutively, and the sentences in counts four and five to run concurrently, for a total of fifteen years in prison. Jackson was also required to pay a fine of $1,500 following his release.
¶ 3. On November 18, 2005, Jackson filed his post-conviction relief motion. He alleged that his sentence was illegal because the trial court did not enter separate judgments of conviction on his multi-count indictment, as required by law. Jackson also alleged that the trial court exceeded its authority in the sentencing process and his sentence was illegal.
¶ 4. On February 14, 2006, a few months after filing the motion, Jackson sent the court a request for a copy of his records and transcripts in order to seek a post-conviction appeal. Finding Jackson's motion to be untimely, the circuit court denied Jackson's post-conviction relief. The court found Jackson entered a guilty plea on February 2001, but did not file his post-conviction relief motion until November 2005, approximately four years and nine months later. The trial court therefore held Jackson's motion to be barred by the three-year statute of limitations set for filing such motions.
¶ 5. On March 20, 1006, Jackson timely filed his notice of appeal.

STANDARD OF REVIEW
¶ 6. This Court will not disturb a trial court's denial of post-conviction relief unless that court's factual findings are clearly erroneous. Forshee v. State, 853 *328 So.2d 136, 139(¶ 16) (Miss.Ct.App.2003). Where questions of law are raised, however, the standard of review is de novo. Hobson v. State, 910 So.2d 1139, 1140(¶ 4) (Miss.Ct.App.2005).

ANALYSIS

Whether Jackson's claims are procedurally barred.
¶ 7. The trial court dismissed Jackson's post-conviction relief motion, finding it to be time-barred pursuant to Mississippi Code Annotated Section 99-39-5(2) (Supp.2006). Section 99-39-5(2) requires that petitioners file post-conviction relief motions within three years of conviction or entry of a guilty plea. Bevill v. State, 669 So.2d 14, 17 (Miss.1996).
¶ 8. There are limited exceptions to this time-bar. Frost v. State, 781 So.2d 155, 157(¶ 4) (Miss.Ct.App.2000). These exceptions include: (1) cases where the Supreme Court of Mississippi or the United States has rendered an intervening decision that would actually adversely affect the outcome of the conviction or sentence, (2) cases where the defendant presents evidence, not reasonably discoverable at trial time, that would have been practically conclusive at trial to cause a different result in conviction or sentence, and (3) cases where the defendant's sentence has expired, or his probation, parole or conditional release has been unlawfully revoked. Miss.Code Ann. § 99-39-5(2).
¶ 9. None of Jackson's claims satisfies the exceptions set forth in Section 99-35-5(2). His claims are therefore subject to the three-year limitation period, and as such are procedurally barred. The trial court's denial of post-conviction relief is affirmed.
¶ 10. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.