LEE, C.J.,
for the Court:
¶ 1. Jimmie Roach appeals the Hinds County Circuit Court’s denial of his motion *150 for post-conviction relief (PCR), asserting a juror was exposed to extraneous information supplied by law enforcement. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. A Hinds County jury convicted Roach of possession of cocaine and possession of hydromorphone. Roach was sentenced as a habitual offender and ordered to serve forty-eight years on the cocaine-possession charge and sixty years on the hydromorphone-possession charge, with both sentences to be served consecutively in the custody of the Mississippi Department of Corrections. This Court reversed and remanded Roach’s conviction on a search-and-seizure issue. Roach v. State, 7 So.3d 932, 941 (¶ 20) (Miss.Ct.App.2007). However, the Mississippi Supreme Court granted the State’s petition for certiorari and reinstated and affirmed the judgment of conviction and sentence. Roach v. State, 7 So.3d 911, 928 (¶ 42) (Miss.2009).
¶ 3. Roach received permission to file a motion for post-conviction relief. This motion was filed September 16, 2010. After a hearing, the trial court denied Roach’s motion for post-conviction relief. Roach now appeals, asserting a juror was exposed to extraneous information supplied by law enforcement; thus, his conviction should be reversed for a new trial. Finding no merit to this argument, we affirm.
STANDARD OF REVIEW
¶ 4. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding the trial court’s decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when reviewing issues of law, the proper standard of review on appeal is de novo. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999).
DISCUSSION
¶ 5. In his only issue on appeal, Roach contends a juror, Derrick Tate, overheard two law enforcement officers discussing Roach’s possible sentence. This occurred during a recess in Roach’s trial. Tate contends he heard the officers stating Roach could get five to eight years in prison if convicted. Tate then asked the officers, “five to eight years?” The officers responded affirmatively. During the post-conviction hearing, Tate stated this may have influenced his vote. However, Tate did admit the evidence produced during trial indicated Roach’s guilt. Tate stated, “I still feel that based from [sic] the testimony that he’s still guilty.”
¶ 6. R.W. Spooner, a lieutenant with the Hinds County Sheriffs Department, testified during the hearing. Spooner, who had previously testified during Roach’s trial, denied he had been in the hallway discussing Roach’s possible sentence with another officer. Spooner stated he knew Roach had turned down an offer of twenty years, and he was aware of the amount of narcotics found with Roach; thus, he had no reason to think Roach would get sentenced to as little as five to eight years.
¶ 7. Tate also told Thomas Kesler, a Hinds County District Attorney, he did not approach the officers. This conversation occurred when Kesler and R.D. Thaggard served a subpoena on Tate. Tate admitted to Kesler that some of the information in the affidavit Tate was asked to sign by Roach’s counsel was inaccurate. Although a member of Roach’s family contends Tate approached him after Roach’s trial and informed him of Tate’s conversation with the two officers, Tate denied this had happened. Upon questioning by the trial court, Tate admitted he voted guilty because the evidence was sufficient to convict Roach. Tate also stated he would have *151 found Roach guilty regardless of what he may have heard the two officers saying.
¶ 8. Post-conviction relief shall be granted when there is evidence of material facts, not previously presented or heard, that requires vacation of the conviction or sentence. Miss.Code Ann. § 99—39—5(1)(e) (Supp.2011). Newly discovered evidence sufficient to warrant a new trial must be evidence that “could not have been discovered by the exercise of due diligence at the time of trial, as well as being almost certainly conclusive that it would cause a different result.” Frost v. State, 781 So.2d 155, 158 (¶ 7) (Miss.Ct.App.2000). At the conclusion of the hearing, the trial court denied Roach’s request for relief, noting Tate had given as many as five versions as to what occurred the day he purportedly overheard the two officers. The trial court stated each version of Tate’s story “was what the asking party wanted to hear unfortunately.” Upon review of the record, we agree with the trial court; thus, we find this issue is without merit.
¶ 9. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, RUSSELL AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION.