761 So.2d 922 (2000)
Steven Allen LEWIS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CP-01269-COA.
Court of Appeals of Mississippi.
June 6, 2000.
Steven Allen Lewis, pro se.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Steven Allen Lewis has appealed from an order of the Circuit Court of Rankin County denying relief on his post conviction relief motion. Lewis, a convicted felon, filed the motion after he was removed from the Department of Correction's Intensive Supervision Program, commonly known as house arrest, and returned to the general prison population to serve the balance of his sentence. Lewis's complaint in the post-conviction relief proceeding is that he was denied a due process hearing in the circuit court prior to being removed from the house arrest program.
*923 ¶ 2. Lewis's contention is that house arrest is a form of probationary release from institutional confinement from which he may not be removed without a preliminary hearing essentially identical to a parole or probation revocation proceeding. He argues that, because he was enjoying release from confinement on probationary status, he could not be returned to more traditional incarceration without a prior due process hearing under the requirement of Gagnon v. Scarpelli, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
¶ 3. The State, on the other hand, contends that an inmate in the Intensive Supervision Program remains a prisoner subject to the exclusive jurisdiction of the Department of Corrections, being merely subject to an alternative form of confinement. Therefore, according to the State, removing a prisoner from the house arrest program and returning him to the general prison population is nothing more than an internal reclassification matter for which the inmate enjoys no liberty interest that would trigger the need for the kind of due process hearing necessary to revoke probation or parole. See Carson v. Hargett, 689 So.2d 753, 755 (Miss.1996).
¶ 4. This Court concludes that the position taken by the State is correct. The statute authorizing house arrest as an alternative to institutional confinement makes no mention of it being a form of probationary release. Rather, it refers to the program as "confinement of a person convicted or charged with a crime to his place of residence...." Miss.Code Ann. § 47-5-1001(e) (Supp.1999). Consistent with the notion that house arrest is nothing more than an alternative form of confinement, the statute further states that the authority to remove an inmate from the program lies exclusively with the Department of Correction's classification committeenot the original sentencing judge. Miss.Code Ann. § 47-5-1003(3) (Supp.1999). This provision of the statute is substantially at odds with the existing scheme in this State for revocation of probation, which requires a due process hearing before the circuit court before probation can be revoked. Riely v. State, 562 So.2d 1206, 1210-11 (Miss.1990).
¶ 5. Because we conclude that Lewis, whether participating in the house arrest program or serving time as an inmate in the general prison population, was confined as a prisoner under the jurisdiction of the Mississippi Department of Corrections in the normally-understood sense of that term, post-conviction relief was an inappropriate remedy for Lewis to pursue. Post-conviction relief is appropriate only if the movant contends that his "probation, parole or conditional release [has been] unlawfully revoked; or he is otherwise unlawfully held in custody." Miss.Code Ann. § 99-39-5(1)(g) (Supp.1999). Since Lewis would remain under a form of confinement even were he successful in demonstrating the impropriety of his removal from the house arrest program, the provisions of Section 99-39-5(1)(g) are not available to support post-conviction relief any more than the statute would permit a post conviction relief proceeding for an inmate's complaint of some other onerous change in the form of his confinement.
¶ 6. Our holding does not mean that a person dissatisfied with the method of his removal from the house arrest program is without remedy. Department of Correction procedures require an internal disciplinary hearing before a house arrest participant can be reclassified to the general prison population. Further, there are procedures available to all inmates to obtain administrative review of complaints relating to the inmate's terms of confinement adopted pursuant to authority of Section 47-5-801 of the Mississippi Code. This administrative process provides a right, ultimately, to judicial review of the matter to protect the inmate from arbitrary or capricious treatment at the hands of prison officials. Miss.Code Ann. § 47-5-807 (Rev.1993). We can discover no reason why that process, if followed by Lewis, would not have afforded him a fair opportunity *924 to obtain a satisfactory resolution of his grievance, assuming that it had merit.
¶ 7. We conclude that the trial court was correct in dismissing Lewis's post-conviction relief motion for the reason that the court lacked jurisdiction under the State's post-conviction relief statute to consider a complaint involving an internal prisoner classification matter. The court's summary dismissal of Lewis's motion was appropriate under Section 99-39-11(2) of the Mississippi Code.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF DENIAL OF POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.