THOMAS, J., for the Court:
¶ 1. Anthony Anderson, pro se, appeals an order of the Circuit Court of Marion County, Mississippi denying his petition for post-conviction relief. Aggrieved, Anderson perfected this appeal, raising the following issue as error:
*592 I. THE LOWER COURT COMMITTED MANIFEST ERROR IN DISMISSING ANDERSON’S MOTION FOR POST-CONVICTION RELIEF.
FACTS
¶ 2. On September 3, 1999, Anderson signed a pretrial intervention agreement and order which placed him in the pretrial intervention program for a period of thirty-six months. By signing this agreement, Anderson agreed to certain terms and conditions, the fulfillment of which would have resulted in the dismissal of the charge. Anderson also acknowledged that violation of any of these terms or conditions would result in his termination from the pretrial intervention program, the revocation of bond, the setting of a trial date and the resumption of the pending criminal charge. See Miss.Code Ann. § 99-15-23(2) (Rev. 2000).
¶ 3. On December 6, 1999, the court was informed that Anderson had violated the terms of the agreement by testing positive for marijuana. Accordingly, the court removed Anderson from the pretrial intervention program and set a trial date. Later that month, Anderson pled guilty to the charge of embezzlement and was sentenced to a term of ten years in custody of the Mississippi Department of Corrections.
¶ 4. On August 16, 2000, Anderson filed a motion to set aside revocation of pretrial intervention agreement and order pursuant to Miss.Code Ann. § 99-39-1 (Rev. 2000). It is from the denial of that motion that Anderson now appeals.
ANALYSIS
¶ 5. In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous. Kirksey v. State, 728 So.2d 565, 567 (Miss.1999).
I. DID THE LOWER COURT COMMIT MANIFEST ERROR IN DISMISSING ANDERSON’S MOTION FOR POST-CONVICTION RELIEF?
¶ 6. Anderson asserts that his due process rights as well as other various constitutional rights were violated in the dismissal of his motion for post-conviction relief. It seems that Anderson does not understand that the pretrial intervention agreement and program were not guaranteed rights that he should enjoy, rather they were means of affording him a chance to rehabilitate himself in a much more pleasant atmosphere than a cold cell in prison. Dismissal from the pretrial intervention program is not a proper basis for post-conviction relief. Miss.Code Ann. § 99-39-5(1) (g) (Rev.2000) (as amended), cited in Lewis v. State, 761 So.2d 922, 923-24 (Miss.Ct.App.2000). We fully agree with and, therefore, cite extensively the well stated opinion of the Circuit Court Judge Eubanks:
Petitioner first asserts that he was forced to go into the Pretrial Intervention Agreement of the Fifteenth Circuit Court District. After reviewing the Pretrial Intervention Agreement and Order and understanding the policies of this District with regard to this program, the court finds that this assignment of error is without merit. Defendants in the Fifteenth Circuit Court District are only placed into the Pretrial Intervention Program if they agree to be so placed. This court utilizes this Pretrial Program in an attempt to assist these offenders to get back on their feet and better themselves without having to serve time in the penitentiary. However, as previously stated, no offender is forced into this program; rather, he/she must accept to be placed into the program and must agree to abide by the terms and conditions of the program. *593 Petitioner agreed to be accepted into the program and agreed to abide by the terms and conditions thereof, as evidenced by his signature on the Pretrial Intervention Agreement and Order.
Petitioner secondly asserts that “revoking” him from the Pretrial Intervention Program without affording him a hearing violated his constitutional rights. This court also finds this assignment to be without merit. The Pretrial Intervention Program is not probation, although it requires the same terms and conditions. Rather, one who enters the Pretrial Intervention Program, as evidenced by the attached order, must abide by the terms and conditions or else have his/her case placed back on the active docket. In this case, Petitioner failed a urine test, as evidenced by the testimony of Mr. Ron Montgomery, the probation officer; therefore, having violated one of the terms and conditions of the pretrial agreement, Petitioner was placed back on the active docket, and a date was set for his trial. Petitioner, however, chose to plead guilty to the charge of embezzlement rather than go to trial. As evidenced by the trial [plea] transcript, the Petitioner knowingly, voluntarily and wilfully pled guilty to a charge of which he claims to be guilty. Petitioner was not forced to plead guilty; rather, he made a conscious decision to do so after his case was placed back on the active docket.
Finally, Petitioner argues that his being removed from the Pretrial Intervention Program and being placed back on the active docket, where he, after pleading guilty, was sentenced to serve a term of ten years, amounted to cruel and unusual punishment. The court finds this claim to be without merit.
The court would also add that not only did the Petitioner agree to the terms and conditions of the Pretrial Intervention Program and afterward pled guilty to embezzlement, but he also lied to this court upon at least four separate occasions. When signing the Pretrial Intervention Agreement and Order, Petitioner stated that he had never been convicted of a felony. Later, in his petition to enter a plea of guilty, Petitioner indicated that he had never been convicted of a felony. Also, in open court during his guilty plea, the Petitioner lied to the court regarding his prior convictions. Finally, in open court, the Petitioner lied to the court when the court was sentencing to the Regimented Inmate Discipline Program, when also stated that he had never been convicted of a felony. Further, the pre-sentence investigation report, by his statement and the field officer’s report failed to reveal any prior convictions. Consequently, the court mistakenly sentenced him to the RID program, believing him to be a first offender. Therefore, it plainly appears to this court that the Petitioner has deceived this court on numerous occasions and has no meritorious claims as to why he should be granted any post conviction collateral relief. Accordingly, Petitioner’s claims for post conviction collateral relief will be denied.
¶ 7. Anderson’s petition is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MARION COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, AND CHANDLER JJ., CONCUR. BRANTLEY, J., NOT PARTICIPATING.