798 So.2d 643 (2001)
Willard PERRY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00134-COA.
Court of Appeals of Mississippi.
October 30, 2001.
Willard Perry, pro se.
Office of the Attorney General by W. Glenn Watts, Jackson, Attorney for Appellee.
*644 Before KING, P.J., THOMAS, and LEE, JJ.
LEE, J., for the Court:

PROCEDURAL HISTORY AND FACTS
¶ 1. On April 9, 1996, Willard Perry pled guilty before the Lee County Circuit Court to one count of possession of cocaine with intent to distribute and one count of embezzlement from his employer. The judge found Perry's pleas to have been knowingly and voluntarily entered. Perry was sentenced to serve thirty years in the custody of the Mississippi Department of Corrections for the cocaine charge and ten years for the embezzlement charge, the sentences to run concurrently. The court suspended the sentences and placed Perry on house arrest on the condition that he did not violate the terms of the Intensive Supervision Program ("ISP"), as described in Miss.Code Ann. §§ 47-5-1001 through XX-X-XXXX (Rev.2000). If he was found to be in violation, he would be sent to prison to serve out his sentence.
¶ 2. On August 9, 1996, a warrant was issued for Perry's arrest. The warrant stated that Perry had violated his ISP agreement by having possessed alcohol and by "having absconded supervision by not being at his scheduled destinations." On December 3, 1996, the Lee County Circuit Court issued an order requiring Perry to serve out his sentence in prison. Without pursuing any administrative remedies through the Department of Corrections, Perry filed a motion for post-conviction relief with the Lee County Circuit Court, complaining that he was denied his due process rights to a hearing or notice thereof concerning the revocation of his participation in the ISP. The court denied Perry's motion, and he appeals to this Court for relief.
¶ 3. Perry argues on appeal that his due process rights were violated since he was not afforded a hearing prior to revoking his house arrest and was not granted an evidentiary hearing. Having reviewed these issues, we find no merit exists as would require our reversal. Accordingly, we affirm.

I. WERE THE APPELLANT'S DUE PROCESS RIGHTS VIOLATED?
¶ 4. Perry claims that his due process rights were violated namely because he was not afforded a hearing before he was removed from the ISP. At the outset we note that we review a trial court's denial of post-conviction relief under an abuse of discretion standard. Mitchell v. State, 754 So.2d 519 (¶ 7) (Miss.Ct.App. 1999).
¶ 5. In review of Perry's arguments, we find that the authority on which he relies is inapplicable. He cites to Miss. Code Ann. §§ 47-7-34 and 47-7-37 (Rev. 2000) for authority; however, these code sections concern probation and terms of probation and procedures for revocation. Perry was not placed on probation, but rather was placed in the ISP, or "house arrest," as described in Miss.Code Ann. § 47-5-1003 (Rev.2000). This code section describes the program, plus states the following:
(3) To protect and ensure the safety of the state's citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional field officer and placed in the actual custody of the Department of Corrections. Such offender is under the full and complete jurisdiction of the department and subject to removal from the program by the classification committee.

Miss.Code Ann. § 47-5-1003 (Rev.2000) (emphasis added). As described above, *645 the Department of Corrections had the authority to remove Perry from the program and place him directly in their custody without a hearing. We also note the language found in Perry's sentencing order which includes reference to Miss.Code Ann. §§ 47-5-1001 through XX-X-XXXX (Rev.2000). The order states, "If the defendant should fail to successfully complete the Intensive Supervision Program, the Mississippi Department of Corrections may, without further orders of this Court, place the defendant in whatever Mississippi Department of Corrections facility deemed appropriate to complete said sentence."
¶ 6. This Court has recently reviewed a case factually similar to Perry's case. In Lewis v. State, 761 So.2d 922 (Miss.Ct.App.2000), the appellant complained that his due process rights were denied since he was not given a hearing prior to removal from the ISP. This Court agreed with the State which argued:
[A]n inmate in the Intensive Supervision Program remains a prisoner subject to the exclusive jurisdiction of the Department of Corrections, being merely subject to an alternative form of confinement. Therefore ... removing a prisoner from the house arrest program and returning him to the general prison population is nothing more than an internal reclassification matter for which the inmate enjoys no liberty interest that would trigger the need for the kind of due process hearing necessary to revoke probation or parole.

Lewis, 761 So.2d at (¶ 3) (citations omitted) (emphasis added). As described in Lewis, Perry's transfer from the ISP to the general prison population was merely a reclassification of his confinement, which did not trigger the need for any further hearing. We therefore find no merit to Perry's contention that he was entitled to a hearing prior to removal from the program and placement in prison.
¶ 7. Perry also claims that he was entitled to an evidentiary hearing for the opportunity to conduct discovery. He again cites to Miss.Code Ann. § 47-7-34 (Rev.2000); however, we previously explained that the appropriate code sections for this situation are Miss.Code Ann. §§ 47-5-1001 through XX-X-XXXX (Rev. 2000). For the same reasons as detailed before, Perry is not entitled to either an evidentiary hearing or discovery.
¶ 8. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO LEE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.