860 So.2d 1237 (2003)
Rodney McBRIDE, Appellant,
v.
Emmitt L. SPARKMAN, Appellee.
No. 2002-CP-01931-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1238 Rodney McBride, Appellant, pro se.
Office of the Attorney General by Jane L. Mapp, attorney for appellee.
Before SOUTHWICK, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the court.
¶ 1. From an October 30, 2002, order dismissing with prejudice a petition for writ of habeas corpus or in the alternative motion to show cause, Rodney McBride (McBride) appeals to this Court pro se. McBride petitioned the Circuit Court of Sunflower County for a writ of habeas corpus or in the alternative a motion to show cause, claiming that the Mississippi Department of Corrections (MDOC) was illegally detaining him over the one-year Intensive Supervision Program (ISP)/House Arrest, failed to provide him with due process and equal protection of the law, and subjected him to double jeopardy. We find no error and affirm.

ISSUES PRESENTED
I. The Appellant was denied due process and equal protection of the law when his participation in the Intensive Supervision Program was revoked and he was placed in an MDOC facility to serve the remainder of his twenty-year sentence without an evidentiary hearing.
II. The Appellant was subjected to double jeopardy in violation of the Fifth Amendment when he was placed in a pre-release program to complete the remainder of the one-year ISP sentence, but later had his original twenty-year sentence imposed.
III. The Circuit Court of Sunflower County erred when it denied appellant's writ of habeas corpus or, in the alternative, motion to show cause without conducting an evidentiary hearing.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On October 20, 1998, Rodney McBride was indicted by a Lee County grand jury for possession of a Schedule II Controlled Substance, cocaine, with an intent to sell, transfer or distribute, within one thousand feet of a school, pursuant to Mississippi Code Annotated Sections 41-29-139(a)(1) and 41-29-142(1). McBride entered a guilty plea on said charge and the circuit court sentenced McBride to serve a twenty-year sentence, with one year in ISP.
¶ 3. McBride received a rule violation report on July 9, 1999, for failing a urine test by testing positive for cocaine. McBride was then arrested by MDOC for the rule violation pursuant to Mississippi Code Annotated Section 47-5-1003(3). A disciplinary/classification hearing was held on July 27, 1999. McBride was found guilty of the rule violation and was classified on August 23, 1999. The MDOC sent McBride to participate in the alcohol and drug treatment program at the Issaquena County Correctional Facility and the state/county work program. In his appellate briefs, McBride refers to these programs as "pre-release" programs. McBride was then removed from the program at the Issaquena County Correctional *1239 Facility and placed at the state penitentiary at Parchman.
¶ 4. McBride filed his grievances with the Administrative Remedy Program, pursuant to Mississippi Code Annotated Sections 47-5-801 through 47-5-807, stating that he was being held over his sentence of one year. McBride received several responses all of which replied that his sentence was twenty years not one year. The final opinion rendered by the MDOC stated that since McBride did not successfully complete his one year in ISP, his original twenty-year sentence was imposed. Aggrieved, McBride petitioned the Circuit Court of Sunflower County for a writ of habeas corpus or, in the alternative, motion to show cause. McBride asserted that the MDOC was illegally detaining him over the one-year Intensive Supervision Program/House Arrest, failed to provide him with due process and equal protection of the law, and subjected him to double jeopardy. The circuit court dismissed the motion with prejudice stating "McBride was sentenced to twenty years and placed on ISP for a one (1) year term, under the Mississippi Department of Corrections Classification. Once McBride violated ISP, he was classified back into prison to do the full twenty years." The circuit court allowed McBride to proceed with his appeal in forma pauperis. McBride perfected his timely appeal of the dismissal.

LEGAL ANALYSIS

I. MCBRIDE WAS NOT DENIED DUE PROCESS OR EQUAL PROTECTION
¶ 5. McBride's first issue is that the MDOC denied him due process and equal protection by revoking his ISP status and imposing the twenty-year sentence without holding an evidentiary hearing. The court held that "house arrest is nothing more than an alternative form of confinement" and that "the authority to remove an inmate from the program lies exclusively with the Department of Correction's classification committeenot the original sentencing judge." Lewis v. State, 761 So.2d 922, 923(¶ 4) (Miss.Ct.App.2000); Miss. Code Ann. § 47-5-1003(3) (Supp.2003). The code describes ISP and states: "(3) To protect and ensure the safety of the state's citizens, any offender who violates an order or condition of the intensive supervision program shall be arrested by the correctional officer and placed in the actual custody of the Department of Corrections. Such offender is under full and complete jurisdiction of the department and subject to removal from the program by the classification committee." Miss.Code Ann. § 47-5-1003 (Supp.2003). The sentencing order states that McBride's sentence was twenty years with one year in ISP. As the court opined in Moore v. State, 830 So.2d 1274, 1277(¶ 13) (Miss.Ct.App.2002), had McBride successfully completed ISP and then was given a suspended sentence, he would have a right to a hearing prior to revocation. McBride did not make it to that point because he failed the urine test four months short of completing the one year in ISP.
¶ 6. In several cases, the court categorized ISP/house arrest as an internal classification issue. Lewis, 761 So.2d at 922(¶ 3); Perry v. State, 798 So.2d 643, 645(¶ 6) (Miss.Ct.App.2001). The court has ultimately held that inmates have no liberty interest in their classification and as such were not denied due process by not receiving an evidentiary hearing before being removed from ISP. Tubwell v. Griffith, 742 F.2d 250, 253 (5th Cir.1984); Lewis, 761 So.2d at 923(¶ 3); Edwards v. Booker, 796 So.2d 991, 995 (¶ 18) (Miss. 1996); Moore, 830 So.2d at 1276 (¶ 11). As a result, the MDOC had the authority to remove McBride from ISP and place *1240 him into general population without first conducting an evidentiary hearing. Perry, 798 So.2d at 645(¶ 5). McBride was not denied due process or equal protection.

II. MCBRIDE WAS NOT SUBJECTED TO DOUBLE JEOPARDY
¶ 7. McBride argues that the MDOC subjected him to double jeopardy by revoking his ISP status, sending him to the Issaquena County Correctional Facility and imposing the twenty-year sentence. McBride contends that MDOC has placed him in jeopardy for the same offense twice in violation of federal and state law. The Fifth Amendment to the United States Constitution and Article 3 Section 22 of the Mississippi Constitution provide that a person may not be prosecuted twice for the same offense. "[F]or a plea of former jeopardy to avail it must be shown that a defendant was actually acquitted or convicted in a former trial on the merits of the crime for which he is again sought to be convicted." Lightsey v. State, 493 So.2d 375, 377-78 (Miss.1986). Such a situation did not occur in the present case.
¶ 8. The actions of the MDOC on July 27, 1999, were simply carrying out the sentencing order of the court. The order stated that "if the defendant should fail to successfully complete the Intensive Supervision Program, the Mississippi Department of Corrections may, without further orders of this Court, place the defendant in whatever Mississippi Department of Corrections facility deemed appropriate to complete the sentence." The classification committee found McBride guilty of the rules violation and by court order and statute had the authority to place McBride in whatever facility it wished. McBride is aggrieved that the MDOC placed him in the Issaquena Correctional Facility to serve the remainder of his one year left in ISP. That decision was for the MDOC to make not McBride.
¶ 9. McBride also contends that the MDOC subjected him to double jeopardy by revoking his ISP status and instituting his twenty-year sentence. The court held in Cooper v. State, 737 So.2d 1042 (¶ 15) (Miss.Ct.App.1999) that double jeopardy protections do not apply to suspension revocation hearings. This point alone defeats McBride's double jeopardy claim. When the MDOC changed his classification on July 27, 1999, the decision was made to remove McBride from ISP for the rules violation, revoke his ISP status and invoke his twenty-year sentence. McBride's double jeopardy claim also fails following the Lightsey case and its statement of the law. McBride was not being tried on the merits for the same crime on July 27, 1999. The MDOC simply changed his status as a prisoner by revoking him from ISP and placing him in an MDOC facility to serve the remainder of his sentence. The sentencing order states that McBride's sentence was twenty years, not one year. According to statute and court order, the MDOC had the authority to change McBride's classification following a rules violation. This is what occurred on July 27, 1999. Accordingly, McBride was not subjected to double jeopardy by the actions taken by the MDOC.

III. THE SUNFLOWER COUNTY CIRCUIT COURT DID NOT COMMIT ERROR BY DISMISSING MCBRIDE'S HABEAS CORPUS/SHOW CAUSE MOTION WITHOUT AN EVIDENTIARY HEARING
¶ 10. McBride contends that the circuit court committed error by dismissing McBride's motion without conducting an evidentiary hearing. McBride argues that Section 47-5-803(2) of the Mississippi *1241 Code Annotated allows a state court to review a decision of an administrative body, so long as the offender has first exhausted all administrative remedies and that Section 47-5-807 grants offenders the right to judicial review. McBride is correct on this point. The facts of the present case indicate that McBride did properly exhaust all administrative remedies before seeking judicial action. However, in the case of Tubwell v. Anderson, 776 So.2d 654, 661-62 (¶ 23) (Miss.2000), the court stated that denying a habeas corpus petition without conducting an evidentiary hearing was proper where petitioner was unable to cite any disputed issues of fact requiring a hearing. The trial court was under no obligation to hold an evidentiary hearing. It is clear from the record that McBride's sentence was twenty years and not one year. The possibility of the twenty-year sentence being suspended or altered in some way was dependent on McBride's successful completion of one year in ISP. McBride did not do so and therefore he is serving the twenty-year sentence per the sentencing order. The trial court could easily determine that the MDOC was not unlawfully detaining McBride over the one-year sentence because his sentence was to serve twenty years. The other two issues McBride raised in his habeas corpus motion were questions of law and could be decided without the need for an evidentiary hearing. As the court stated in Tubwell, there is no indication that the trial court's resolution of the issues would have been aided by conducting an evidentiary hearing. Id. at 662. This issue is without merit.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING WITH PREJUDICE THE WRIT OF HABEAS CORPUS OR IN THE ALTERNATIVE MOTION TO SHOW CAUSE IS AFFIRMED. COSTS ARE ASSESSED TO SUNFLOWER COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.