914 So.2d 260 (2005)
Rodney McBRIDE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00410-COA.
Court of Appeals of Mississippi.
August 9, 2005.
Certiorari Denied November 3, 2005.
*261 Rodney McBride, Appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
EN BANC.

MODIFIED OPINION
BARNES, J., for the Court.
¶ 1. The appellant's motion for rehearing is denied and the appellee's motion to modify opinion is granted. The original opinion is withdrawn and this opinion is substituted therefor.
¶ 2. In November 1998, Rodney McBride pled guilty in Lee County Circuit Court for possession of cocaine with intent to distribute within the proximity of a school. Over five years later, McBride filed a motion for post-conviction collateral relief which was denied on the merits by the circuit court. McBride appeals to this Court contending that he is incarcerated under an illegal sentence and was denied effective assistance of counsel. Finding no error, we affirm.

STATEMENT OF FACTS
¶ 3. Rodney McBride was arrested and charged with possession of cocaine with intent to distribute within the proximity of King Intermediate School. On November 4, 1998, McBride pled guilty and was sentenced by the Circuit Court of Lee County "to a term of twenty (20) years in the Mississippi Department of Corrections" and "placed in the Intensive Supervision Program/House Arrest Program, per Section (XX-X-XXXX through XX-X-XXXX) of the Mississippi Code," with the court "retain[ing] jurisdiction for a period of one *262 (1) year per Mississippi Code Section 47-7-47...." The sentence was expressly conditioned on McBride's agreeing and complying with all conditions outlined in the Intensive Supervision Agreement as provided by the Mississippi Department of Corrections (MDOC). The order specified that if McBride failed successfully to complete the Intensive Supervision Program (ISP), MDOC was authorized, without further order of the court, to place him in whatever facility MDOC deemed appropriate "to complete said sentence." However, if McBride completed ISP, MDOC was to notify the court which would have the option of placing McBride on supervised probation "for the remainder of his sentence...."
¶ 4. On July 9, 1999, McBride received a rule violation report for testing positive for cocaine. MDOC subsequently placed McBride at the state penitentiary at Parchman to serve the remainder of his twenty-year sentence. In 2002, McBride petitioned the Circuit Court of Sunflower County for a writ of habeas corpus or, in the alternative, a motion to show cause, claiming that MDOC was illegally detaining him over the one-year ISP. The circuit court dismissed the petition with prejudice, and this Court affirmed in McBride v. Sparkman, 860 So.2d 1237 (Miss.Ct.App. 2003). In the course of the opinion, this Court concluded that "[t]he MDOC simply changed his status as a prisoner by revoking him from ISP and placing him in an MDOC facility to serve the remainder of his sentence. The sentencing order states that McBride's sentence was twenty years, not one year." McBride, 860 So.2d at 1240 (¶ 9) (emphasis added).
¶ 5. Shortly thereafter, McBride filed a motion for post-conviction collateral relief in the Circuit Court of Lee County, Mississippi, alleging that the 1998 sentence was illegal, that he had been denied effective assistance of counsel, and that his plea had not been knowingly made as he was never advised that the twenty-year sentence would be imposed for any ISP violation. McBride asked the court to "releas[e] him from his illegal and expired sentence." On February 17, 2004, the circuit court denied the petition, finding that both the plea proceeding and sentencing order made clear that McBride had to complete the one-year period of house arrest and that if he did not, he would be removed from the program and placed in prison to serve the twenty year sentence. As to ineffective assistance of counsel, the court found that McBride's counsel had "negotiate[d] a very good deal" for him and had McBride complied with the conditions of ISP, he would not be in prison today. From this order, McBride takes the instant appeal.

STANDARD OF REVIEW
¶ 6. Our standard for reviewing a trial court's denial of post-conviction relief is well settled: this court will not disturb the trial court's factual findings unless they are found to be clearly erroneous; however, we review questions of law de novo. Twillie v. State, 892 So.2d 187, 188 (¶ 6) (Miss.2004); Townsend v. State, 892 So.2d 282, 283 (¶ 3) (Miss.Ct.App.2004).

ANALYSIS
¶ 7. Recognizing that section 99-39-5 of the Mississippi Code generally bars a motion for post-conviction relief filed more than three years after entry of judgment on a plea of guilty, McBride contends that his motion, filed more than five years after judgment on his plea, is excepted from the time bar because his sentence has expired and his fundamental constitutional rights have been violated. It is therefore necessary that the Court first consider the merits of McBride's claims for the purpose of determining whether or not he is bound by *263 the procedural bar. We address McBride's contentions in turn.

I. WHETHER McBRIDE IS SERVING AN EXPIRED SENTENCE.
¶ 8. Section 99-39-5(2) of the Mississippi Code excludes from the time bar "those cases in which the prisoner claims that his sentence has expired...." McBride's motion for post-conviction relief asked the court to "releas[e] him from his illegal and expired sentence." The Circuit Court of Lee County correctly determined, as had the Circuit Court of Sunflower County and this Court,[1] that McBride had been sentenced to a term of twenty years. The sentencing order expressly provided "that the defendant [is] sentenced to a term of twenty (20) years in the Mississippi Department of Corrections." Although the trial court retained jurisdiction for one year pursuant to section 47-7-47 of the Mississippi Code, the twenty-year sentence was not "deferred," "suspended," or "waived," as argued by McBride. Moreover, the circuit court correctly determined that the sentencing order and plea proceeding made clear that McBride's failure to complete ISP would result in his being placed in prison to serve the remainder of his twenty-year sentence. His continued insistence that his sentence has expired is simply without merit.

II. WHETHER McBRIDE'S FUNDAMENTAL CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED.
¶ 9. Motions for post-conviction relief filed after expiration of the three-year period are time-barred, unless the claim falls within one of the statutory exceptions. However, "[e]rrors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration." Bevill v. State, 669 So.2d 14, 17 (Miss.1996) (citing Luckett v. State, 582 So.2d 428 (Miss.1991); Smith v. State, 477 So.2d 191 (Miss.1985)).

A. WHETHER McBRIDE RECEIVED AN ILLEGAL SENTENCE.
¶ 10. "The right to be free from an illegal sentence is a fundamental right." Alexander v. State, 879 So.2d 512, 514 (¶ 9) (Miss.Ct.App.2004). Accordingly, procedural bars of the Post Conviction Collateral Relief Act do not prohibit consideration of a claim of illegal sentencing. Id.; Graves v. State, 822 So.2d 1089, 1091 (¶ 8) (Miss.Ct.App.2002). In the instant case, McBride contends that his sentence is illegal in that section 47-5-1003 of the Mississippi Code prevents a court from "requir[ing] an offender to complete the intensive supervision program as a condition of probation or post-conviction supervision." We need not decide whether McBride's sentencing order violates this provision because that statutory bar did not exist until July 1, 2000, well after the date of the 1998 sentencing order and the *264 date the trial court would have reviewed McBride's sentence had he successfully completed ISP. See Moore v. State, 830 So.2d 1274, 1276 (Miss.Ct.App.2002) (noting that statutory bar was added by 2000 Miss. Laws ch. 622, § 1, eff. July 1, 2000).
¶ 11. Section 99-19-1 of the Mississippi Code provides:
No statutory change of any law affecting a crime or its punishment ... shall affect or defeat the prosecution of any crime committed prior to its enactment... and all laws defining a crime or prescribing its punishment ... shall be continued in operation for the purpose of providing punishment for crimes committed under them ... notwithstanding amendatory or repealing statutes, unless otherwise specially provided in such statutes.
Miss.Code Ann. § 99-19-1 (Rev.2000). In Lampley v. State, 308 So.2d 87 (Miss. 1975), the Mississippi Supreme Court held that while the legislature can permit the trial court to resentence a defendant for a milder sentence where such authorization is written into a new law, section 99-19-1 "expressly provide[s] that the previous law will remain in effect for the purpose of providing punishment, unless otherwise specially provided in the new statute." Lampley, 308 So.2d at 90 (holding that where sentence had become final, trial court was correct in refusing to resentence defendant). In the instant case, the revision to section 47-5-1003 relied upon by McBride did not become effective until over a year and a half after his sentencing. While the legislature could have required resentencing under the new provision, it did not do so. McBride's sentence was not illegal at the time it was entered and did not become illegal upon the passage of the 2000 amendment to section 47-5-1003. His claim of incarceration under an illegal sentence is, thus, without merit.

B. WHETHER McBRIDE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 12. In Bevill, the Mississippi Supreme Court stated that while:
[i]t is conceivable that under the facts of a particular case, this Court might find that a lawyer's performance was so deficient, and so prejudicial to the defendant that the defendant's fundamental constitutional rights were violated. However, this Court has never held that merely raising a claim of ineffective assistance of counsel is sufficient to surmount the procedural bar.
Bevill, 669 So.2d at 17 (emphasis in original).
¶ 13. In the instant case, McBride contends that he was unrepresented during a portion of the plea proceeding after his counsel was excused from the court room. The record reflects that following the trial court's acceptance of McBride's plea of guilty, his counsel, Wayne Housley, asked to approach the bench; another attorney, Brian Neely, present for the plea proceedings represented that he knew the defendant and volunteered to "cover for" Mr. Housley who was then excused from the court room. While occurrences of this type are unusual, we do not find that McBride was prejudiced under the specific facts of this case.[2]
*265 ¶ 14. In Frost v. State, 781 So.2d 155 (Miss.Ct.App.2000), this court concluded that the defendant's representation at his guilty plea hearing by counsel other than his counsel of record did not violate the defendant's fundamental constitutional rights where his petition to enter a plea of guilty had been signed by the defendant and his counsel of record. Frost, 781 So.2d at 156, 158 (¶¶ 2, 8). In the instant case, McBride's petition to plead guilty is not a part of the record. However, prior to Mr. Housley's departure from the courtroom, McBride had pled guilty to the charge, the State had recommended that McBride "receive a sentence of 20 years and be placed in the Intensive Supervised Probation program," McBride represented that he understood the State's recommendation, acknowledged that it was no different than what his attorney advised him the State would recommend, and acknowledged his satisfaction with Mr. Housley's representation. Mr. Housley acknowledged that he had advised McBride of the consequence of his plea and confirmed his belief that McBride understood his advice and was making a knowing and voluntary plea. The only matter remaining to be completed after Mr. Housley's departure was the formal sentencing, which was in full accord with the hearing up to that point. The only issue raised by the court after Mr. Housley's departure was the trial judge's decision to retain jurisdiction pursuant to section 47-7-47. We fail to see how McBride was prejudiced by this retention. Had McBride completed the ISP, the court's retention of jurisdiction would possibly have resulted in his being placed on probation for the remainder of his sentence. Further, Mr. Neely had represented in open court that he knew McBride and volunteered to "cover for" Mr. Housley. McBride made no objection. Prior to McBride's sentencing, Mr. Neely again affirmed that he was "standing in" for Mr. Housley. Again, McBride made no objection. The record thus reflects that McBride was represented by either Mr. Housley or Mr. Neely, during all parts of the plea and sentencing hearing; nothing occurred following the departure of Mr. Housley which would have been uniquely within his knowledge so as to make Mr. Neely's representation inadequate. McBride suffered no violation of a fundamental constitutional right.
¶ 15. As McBride has failed to prove any exception to the section 99-39-5 time bar, we find his motion for post-conviction collateral relief both procedurally barred and without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LEE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, AND ISHEE, JJ., CONCUR.
NOTES
[1] McBride's Lee County motion was not barred as a successive motion for post-conviction relief under section 99-39-23(6) of the Mississippi Code as his previous case, filed in Sunflower County, sought section 47-5-807 judicial review of a decision rendered pursuant to MDOC's administrative review procedure. See McBride, 860 So.2d at 1239-41 (¶¶ 4, 10). In Lewis v. State, 761 So.2d 922 (Miss.Ct.App.2000), this Court recognized that matters relating to an inmate's terms of confinement, including removal from the house arrest program, are properly reviewed pursuant to administrative review procedures rather than a motion for post-conviction relief. Id. at 923-24 (¶¶ 5-6). As McBride's first case did not involve a motion for post-conviction relief, the instant case does not involve a successive motion. Further, although the same factual issue as to an expired sentence was raised in the previous case, the doctrine of res judicata as contained in section 99-39-21 does not apply as the previous case was not a "trial" or "direct appeal." Accordingly, we review, and again reject, the merits of McBride's contention.
[2] In order to establish an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test enumerated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476-77 (Miss. 1984). Under Strickland, the defendant must not only show performance of counsel was so deficient "that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment," but also that the deficient performance "prejudiced the defense" so "as to deprive the defendant of a fair trial...." 466 U.S. at 687, 104 S.Ct. 2052.