ISHEE, J„
 

 for the Court:
 

 ¶ 1. The Circuit Court of the First Judicial District of Hinds County entered a judgment to dismiss Shawn McLaurin’s motion for post-conviction relief (PCR motion) and subsequently entered an order denying McLaurin’s petition to set aside the judgment dismissing his PCR motion. Aggrieved, McLaurin appeals and requests that his right to file a meaningful PCR motion be reinstated. Finding no error, we affirm the circuit court’s judgment dismissing McLaurin’s PCR motion.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. McLaurin was tried and convicted of rape, and on February 8, 2000, he was sentenced to life in prison. He had retained an attorney who represented him at trial, but after McLaurin’s conviction, his attorney failed to file a notice of appeal. The same attorney also failed to file a PCR motion. McLaurin retained another attorney who filed a PCR motion on February 13, 2003. The motion alleged that: (1) McLaurin’s trial attorney had failed to timely appeal the conviction; (2) there was no physical evidence connecting McLaurin to the crime; (3) McLaurin’s conviction was contrary to the evidence; and (4) facts not previously presented required the vacation of McLaurin’s sentence. It does not appear that any exhibits or affidavits were submitted in support of that motion. The circuit court dismissed the PCR motion on July 6, 2004.
 

 ¶ 3. While not contained in the record, McLaurin apparently filed a “Petition for an Out of Time Appeal and to Set Aside Order Dismissing Motion for Post-Conviction Relief or New Trial.” In ruling on the petition on April 3, 2008, the circuit court noted that: “In support of his [p]etition, the Defendant submitted extensive briefing, affidavits^] and exhibits.” Nei
 
 *66
 
 ther the petition, nor any of the briefs, affidavits, or exhibits mentioned by the circuit court are contained in the record.
 
 [1]
 
 The State did not submit a reply to McLaurin’s petition. In ruling on the matter, the circuit court denied McLaurin’s request for a new trial and his request to set aside the order dismissing his PCR motion. However, the circuit court granted McLaurin’s request for an out-of-time appeal. The circuit court found as follows:
 

 The Court finds that the Defendant took all reasonable steps he could to perfect an appeal. Defendant has presented clear and convincing evidence that he retained a lawyer for appeal and that his lawyer made representations to him that the appeal was being perfected on his behalf. Thereafter, the Defendant made inquiries about his appeal which would have led him to believe an appeal was being pursued.
 

 From the record before us, it is unclear exactly what evidence the circuit court relied on in making this ruling.
 

 ¶ 4. Following the partial denial of McLaurin’s petition, McLaurin timely filed a notice of appeal regarding the denial of his petition to set aside the dismissal of his PCR motion. It is that appeal of the dismissal of his PCR motion that is presently at issue. We also note that McLau-rin’s out-of-time direct appeal of his conviction and sentence, which he filed after the circuit court granted his petition in part, is separately but simultaneously before this Court.
 

 STANDARD OF REVIEW
 

 ¶ 5. This Court will not reverse a trial court’s dismissal of a PCR motion unless the trial court’s decision was clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). However, we will review issues of law under a de novo standard.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 6. McLaurin is appealing the circuit court’s dismissal of his PCR motion. However, McLaurin does not argue that the circuit court was in error in dismissing that motion, and he does not request time to file an out-of-time appeal from the motion’s denial. Instead, he requests that he be allowed to file another PCR motion. It is his argument that his attorney’s ineffective representation deprived him of the chance to file a meaningful PCR motion.
 

 ¶ 7. McLaurin claims that, after his trial counsel failed to file a PCR motion on McLaurin’s behalf, McLaurin retained another attorney, who filed a PCR motion on February 13, 2003. However, McLaurin claims that the motion that his second attorney filed was procedurally deficient and that he was never given the opportunity to review it before it was filed. According to McLaurin, the second attorney he retained left for military deployment in Iraq the day after filing the PCR motion and did not follow up on the motion. The circuit court dismissed the motion on July 6, 2004; however, McLaurin claims that he was not notified of the dismissal until on or about March 8, 2005.
 

 ¶ 8. The PCR motion that was filed and dismissed was lacking any affidavits or evidence in support of its claims. As McLaurin was convicted on February 8, 2000, and the PCR motion was filed on February 13, 2003, it was also untimely filed. Therefore, the circuit court properly dismissed the motion.
 

 
 *67
 
 ¶ 9. Regarding McLaurin’s motion to reconsider, Rule 60(b)(6) of the Mississippi Rules of Civil Procedure provides that a court may grant a party relief from a judgment for “any other reason justifying relief from the judgment.”
 
 [2]
 
 A request pursuant to Rule 60(b)(6) must be made within a reasonable time. From the record before us, we find nothing to support a finding that the circuit court erred in refusing to set aside the dismissal of McLau-rin’s PCR motion.
 

 ¶ 10. As for McLaurin’s argument that he should be allowed to file another PCR motion, generally, an order dismissing or denying a prisoner’s PCR motion operates as a bar to a second or successive PCR motion. However, there are some exceptions to the procedural bar:
 

 Excepted from this prohibition is a motion filed under Section 99-19-57(2), raising the issue of the offender’s supervening mental illness before the execution of a sentence of death. A dismissal or denial of a motion relating to mental illness under Section 99-19-57(2) shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
 

 Miss.Code Ann. § 99-39-23(6) (Supp.2009). None of these exceptions apply to McLau-rin’s case. However, this Court has held that “errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration.”
 
 Flowers v. State,
 
 978 So.2d 1281, 1284 (¶ 10) (Miss.Ct.App.2008) (quoting
 
 Luckett v. State,
 
 582 So.2d 428, 430 (Miss.1991)).
 

 ¶ 11. Also, a PCR motion must be filed “within three (3) years after the time in which the prisoner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired....” Miss.Code Ann. § 99-39-5(2) (Rev.2007). The following exceptions apply:
 

 Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has
 
 *68
 
 expired or Ms probation, parole or conditional release has been unlawfully revoked.
 

 Id.
 
 As with the successive-writ bar, an error affecting a fundamental constitutional right may also be excepted from the three-year procedural bar.
 
 McBride v. State,
 
 914 So.2d 260, 263 (¶ 9) (Miss.Ct.App.2005) (quoting
 
 Bevill v. State,
 
 669 So.2d 14, 17 (Miss.1996)).
 

 ¶ 12. One of McLaurin’s main arguments is that his fundamental constitutional rights are implicated because of his trial counsel’s ineffective representation; therefore, he should be allowed to file another PCR motion. In discussing whether a claim for ineffective assistance of counsel could be excepted from the procedural bars, the supreme court has recognized that: “It is conceivable that under the facts of a particular case, this Court might find that a lawyer’s performance was so deficient, and so prejudicial to the defendant, that the defendant’s fundamental constitutional rights were violated.”
 
 Be-vill,
 
 669 So.2d at 17. Therefore, McLaurin may have a valid complaint, depending on the extent of the alleged deficiency of his trial counsel’s performance. However, we do not find that it is appropriate to address the issue at present. Not only did McLaurin file the PCR motion that the circuit court dismissed and subsequently declined to set aside, but he also filed a motion for an out-of-time appeal, which the court granted.
 
 [3]
 
 As a result, McLaurin currently has an out-of-time direct appeal that is pending before this Court. In McLaurin’s direct appeal, he raises some of the same issues that he alleges in this appeal, including his claim of ineffective assistance of counsel. It stands that this Court may resolve those issues in his favor, and there is also the possibility that McLaurin’s conviction requires reversal. Additionally, if this Court affirms McLau-rin’s conviction on direct appeal, he has the option of filing a writ of certiorari with the supreme court. Therefore, until such time as McLaurin’s direct appeal has been resolved, we do not find that it is proper to address the present issues.
 

 ¶ 13. McLaurin argues that he has no remedy under the law that would allow him to file a PCR motion, and he claims this renders the existing law unconstitutional. We do not find this to be the ease. If, as McLaurin alleges, there were errors at trial that affected his fundamental constitutional rights, then he would have a claim that could be excepted from the procedural bars. Such a claim would have to be filed as a PCR motion, but it would first have to go through the supreme court. Mississippi Code Annotated section 99-39-7 (Rev.2007) requires that, where a prisoner’s conviction and sentence have been affirmed on appeal, the prisoner must first present the PCR motion to the supreme court, and the supreme court must decide whether to allow the prisoner to proceed with the motion in the circuit court. Therefore, in addition to the fact that McLaurin has a pending direct appeal, it remains up to the supreme court, not this Court, to decide whether to allow McLau-rin to file a PCR motion.
 

 ¶ 14. We decline to grant McLaurin’s request for a number of reasons. If we were to reverse McLaurin’s conviction on his out-of-time direct appeal, the issues herein would be moot. If we were to affirm his conviction, he may still file a writ of certiorari with the supreme court. Additionally, if McLaurin’s conviction were affirmed, he would need leave of the supreme court to file a PCR motion with the
 
 *69
 
 circuit court. Accordingly, we decline to address whether McLaurin may file a successive writ, and we affirm the circuit court’s judgment.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. IRVING, J., CONCURS IN RESULT ONLY.
 

 [1]
 

 . In McLaurin's designation of the record on appeal, he requested that all post-trial motions and motions for post-conviction relief be included in the record.
 

 [2]
 

 . This Court has found that Rule 60(b) may be applicable in some criminal cases.
 
 See Cook v. State,
 
 921 So.2d 1282, 1283 (¶ 6) (Miss.Ct. App.2006) (refusing to establish a rule barring the application of Rule 60 to criminal cases).
 

 [3]
 

 . Under Mississippi Code Annotated section 99 — 3 9 — 5(1 )(i), a motion for an out-of-time appeal is considered a claim that should be raised in a PCR motion.