CHANDLER, Justice,
dissenting:
¶ 16. I respectfully dissent. Charles Langenbacker, the manager of Court Programs’s Gulfport office, testified that Court Programs is a private company that, in addition to monitoring probationers, also monitored offenders under house arrest. I would find that, under a reasonable interpretation of Mississippi Code Section 97-11-33, the term “incarceration services” embraces monitoring offenders on house arrest. See Miss.Code Ann. § 97-11-33 (Rev. 2006).
¶ 17. The plurality finds that, in denying Tipton’s motion for a directed verdict, the trial court incorrectly construed Section 97-11-33 in favor of the State by finding that Court Programs was a contractor that provided incarceration services. At the hearing on Tipton’s motion for a directed verdict, Tipton argued that “any contractor providing incarceration services” referred only to private prison facilities. The trial court ruled that there was evidence that Court Programs provided incarceration services, because it provided supervision for offenders on house arrest, and the appellate courts have held that house arrest is the equivalent of incarceration. The plurality finds that the trial court’s ruling contravened the rule that criminal statutes are to be construed in favor of the accused, and that “incarceration services” cannot be interpreted to include house arrest, because the house-arrest statute states that house arrest is “an alternative to incarceration.”
¶ 18. This Court affords de novo review to the interpretation of statutes. Gilmer v. State, 955 So.2d 829, 833 (Miss.2007). If a statute is unambiguous, the Court will apply its plain meaning and refrain from statutory construction. Id. The Court’s “primary objective” is to discern the Legislature’s “true intent or meaning.” Id. (citing Clark v. State ex. rel Miss. State Med. Ass’n, 381 So.2d 1046, 1048 (Miss. 1980)). Further, “[although criminal statutes must be strictly construed in favor of the accused, we will not adopt an interpretation that is absurd or unreasonable.” Lewis v. State, 765 So.2d 493, 499 (Miss. 2000). “Courts have a duty to give statutes a practical application consistent with their wording, unless such application is inconsistent with the obvious intent of the legislature.” Miss. Ethics Comm’n v. Grisham, 957 So.2d 997, 1001 (Miss.2007). This Court further has stated that:
Although a statute imposing criminal penalties must be strictly construed in favor of the accused, it should not be so strict as to override common sense or statutory purpose. United States v. Brown, 333 U.S. 18, 25, 68 S.Ct. 376, 380, 92 L.Ed. 442, 448 (1948); see also State v. Burnham, 546 So.2d 690, 692 (Miss.1989). Strict construction means reasonable construction. State v. Martin, 495 So.2d 501, 502 (Miss.1986).
Reining v. State, 606 So.2d 1098, 1103 (Miss.1992).
¶ 19. Langenbacker testified that Court Programs monitored offenders under house arrest with ankle bracelets and voice-recognition equipment. He testified that Court Programs did not offer incarceration services, but instead offered alternatives to incarceration. Although the plurality supports its opinion by quoting Langenbacker’s testimony, I observe that *684 statutory interpretation presents a question of law for the court that is not resolved by witness testimony. Hedgepeth v. Johnson, 975 So.2d 235, 237 (Miss.2008). I proceed to my analysis of the purely legal question presented.
¶ 20. I agree that Section 97-11-33 is ambiguous because the scope of “incarceration services” is unclear. Miss.Code Ann. § 97-11-33 (Rev. 2006). The majority finds that the ambiguity requires an automatic default to Tipton’s interpretation. However, even when a statute that proscribes criminal conduct is ambiguous, this Court must afford the criminal statute a reasonable construction, rather than reflexively adopting whatever construction is offered by the defendant. I would find that, under a reasonable construction of the statute, the Legislature did not intend to restrict the application of the statute to private prisons, as argued by Tipton. Otherwise, the statute could have so provided. Instead, the statute specifies “any contractor providing incarceration services.”
¶ 21. The Legislature has established an intensive supervision program, commonly known as “house arrest,” as an alternative to incarceration in the general prison population for certain low-risk and nonviolent offenders. Miss.Code Ann. §§ 47-5-1001 to 47-5-1015 (Rev. 2004 and Supp. 2009). Mississippi Code Section 47-5-1001(e) provides the following definition of house arrest: “the confinement of a person convicted or charged with a crime to his place of residence under the terms and conditions established by the department or court.” Miss.Code Ann. § 47-5-1001(e) (Rev. 2004). An offender in an intensive supervision program is under the jurisdiction of the Mississippi Department of Corrections (MDOC), which must promulgate rules providing reasonable guidelines for the operation of an intensive supervision program. Miss.Code Ann. §§ 47-5-1003(3), 47-5-1005 (Supp.2009). The Court of Appeals has found that house arrest is merely a reclassification of MDOC confinement because, instead of being housed in the general prison population, the offender is serving time confined to house arrest. See Ivory v. State, 999 So.2d 420, 426 (Miss.Ct.App.2008); Brown v. Dep’t of Corr., 906 So.2d 833, 835 (Miss. Ct.App.2004); Perry v. State, 798 So.2d 643, 645 (Miss.Ct.App.2001); Lewis v. State, 761 So.2d 922, 923 (Miss.Ct.App. 2000).
¶ 22. It was established that Court Programs provided house arrest for misdemeanor offenders or felony defendants awaiting trial. However, because there was no evidence that the house arrest provided by Court Programs was administered by the MDOC, there was no showing that it was the “house arrest” prescribed by the statutes governing the intensive supervision program. Miss.Code Ann. §§ 47-5-1001 to 47-5-1015 (Rev. 2004). Nonetheless, because house arrest essentially confines an offender to his or her place of residence, house arrest is the equivalent of incarceration for the purposes of Section 97-11-33. I would find that: (1) “incarceration services” reasonably embraces monitoring offenders on house arrest, and (2) there is nothing in Section 97-11-33 to indicate that, with the language “any contractor providing incarceration services,” the Legislature intended to restrict its application to private prisons, as posited by Tipton, rather than to any contractor providing incarceration services. Therefore, I would affirm the decision of the Circuit Court of Jackson County.
WALLER, C.J., RANDOLPH AND PIERCE, JJ., JOIN THIS OPINION.