BARNES, J.,
dissenting:
¶ 21. With all respect to the majority’s opinion, I dissent. The sentence is not, as the majority claims, “impermissibly indeterminate.” The circuit court’s order clearly sentenced Eldridge Johnson to ten years’ incarceration. Furthermore, I do not find that the circuit court’s failure to retain jurisdiction was fatal to the efficacy of Johnson’s sentence in this case or that the failure to conduct a revocation hearing violated his constitutional rights.
¶ 22. The majority concludes that this Court should reverse and remand based upon the circuit court’s failure to retain sentencing jurisdiction, the court’s attempt to impermissibly delegate to the Mississippi Department of Corrections (MDOC) the authority to revoke Johnson’s suspended sentence, and the fact that Johnson did not receive a revocation hearing. Johnson’s completion of the ISP was a condition precedent to the suspension of eight years of his sentence. Thus, it appears that the circuit court intended for the suspension to be self-executing; that is, once Johnson had successfully completed the Intensive Supervision Program (ISP), the suspension would automatically occur without his being returned to the circuit court for re-sentencing. See Brown v. Miss. Dep’t of Corr., 906 So.2d 833, 835 (¶ 5) (Miss.Ct. App.2004) (finding that once the MDOC determines that a prisoner has violated the terms of his ISP, the MDOC is required to enforce the judge’s original sentencing order). It is only because Johnson failed to complete the ISP that his suspended sentence never came into being. Therefore, the issue of whether the circuit court had retained jurisdiction to modify his sentence is moot. See Ivory v. State, 999 So.2d 420, 429 (¶ 27) (Miss.Ct.App.2008) (as the defendant violated the terms of her ISP, any omission of language by the circuit court to have the defendant return for modification of sentence “becomes a nullity”).
¶ 23. It is also the majority’s position that the conditional nature of the sentence, coupled with the circuit court’s failure to retain jurisdiction, constituted an improper delegation of authority over sentencing to the MDOC. However, I find that there is no improper delegation as it was the circuit court that determined the sentence should be suspended upon the successful completion of the ISP; the MDOC merely decided whether the offender had violated the ISP. Since the circuit court set the condition for the suspension of the sentence, it did not impermissibly delegate authority to the MDOC. Johnson had an opportunity to have eight years of his sentence suspended; all he had to do was to complete the ISP. There is nothing to indicate that, if had Johnson had successfully completed the ISP, the MDOC would not have interpreted the sentencing order as automatically suspending the remainder of Johnson’s sentence as envisioned by the circuit court.
¶ 24. Lastly, I disagree with the majority’s finding that Johnson is entitled to a revocation hearing. The majority cites Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), for the proposition that Johnson had a constitutional right to a hearing prior to the revocation of his suspended sentence. However, the majority fails to appreciate that by violating the terms of the ISP, Johnson never received a suspended sentence. This Court has distinguished the holding in Gagnon, stating an inmate must complete the terms of his ISP and receive his suspended sentence in order to receive his right to hearing prior to revocation. Moore v. State, 830 So.2d 1274, 1276-77 (¶¶ 8, 13) (Miss.Ct.App.2002). Therefore, *1159 if Johnson had successfully completed his ISP term and been awarded his suspended sentence, “he would have a right to a hearing prior to revocation” of that suspended sentence. McBride v. Sparkman, 860 So.2d 1237, 1239 (¶ 5) (Miss.Ct.App. 2003).
¶ 25. The majority notes that Johnson is not contesting his removal from the ISP. Yet, it is this removal from ISP which broke the condition and made it impossible for Johnson to receive a suspended sentence. Further, Johnson could have sought judicial review of the MDOC’s decision regarding his ISP violation pursuant to Mississippi Code Annotated sections 47-5-801 to -807 (Rev.2011). In Edwards v. Booker, 796 So.2d 991, 995-96 (¶¶ 20-22) (Miss.2001), the Mississippi Supreme Court interpreted section 47-5-807 as giving jurisdiction to the circuit court to review the MDOC’s removal of a prisoner from the ISP. Also, this Court held in Lewis v. State, 761 So.2d 922, 923 (¶ 6) (Miss.Ct.App.2000), that under section 47-5-807, a prisoner who is aggrieved by a decision of the MDOC, after exhausting his administrative remedies, has a right “to judicial review of the matter[.]”
¶ 26. For these reasons, I would affirm the circuit court’s denial of Johnson’s motion for post-conviction relief. His sentence was not indeterminate, and there existed a mechanism by which he could have obtained judicial review of the MDOC’s decision to remove him from the ISP.
IRVING, P.J., AND ISHEE, J., JOIN THIS OPINION.